IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DEANTHONY THOMAS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| U.S. BANK N.A., N.D., et al., | ) |
| | ) |
| Defendants. | ) |

NOTICE OF REMOVAL

TO: The Judges of the United States District Court
for the Western District of Missouri

Defendants U.S. Bank National Association ("U.S. Bank") and U.S. Bank National Association ND ("U.S. Bank ND") submit this Notice of Removal of this action from the Circuit Court of Platte County, Missouri, in which court this case is currently pending under the case style of *Deanthony Thomas, et al. v. U.S. Bank N.A., N.D., et al.*, Case No. 04CV83549, to the United States District Court for the Western District of Missouri. In support of this Notice of Removal, defendants state as follows:

I. **INTRODUCTION**

1. This is a civil action that was instituted in the Circuit Court of Platte County, and has not been tried. A copy of the Petition is attached as Exhibit "A" hereto.

2. On July 26, 2004, defendants U.S. Bank and U.S. Bank ND were served with the Petition.

3. Defendants desire to exercise their right under the provisions of 28 U.S.C. § 1441 *et seq.* to remove this case from the Circuit Court of Platte County, Missouri. Section 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Section 1441(c) also provides that separate and independent claims joined with otherwise non-removable claims or causes of action are likewise removable. Some or all of the separate and independent claims against some defendants may or may not be removable on the same grounds as for U.S. Bank and U.S. Bank ND.

4. This case is removable because of the existence of federal question jurisdiction under 28 U.S.C. § 1331 in that the plaintiffs' claims against U.S. Bank and U.S. Bank ND are completely preempted by the National Bank Act, 12 U.S.C. §§ 24(Seventh), 85, 86 and 371. Plaintiffs allege defendants are liable because they charge, collect or receive interest on second mortgage real estate loans that purportedly violate the Missouri Second Mortgage Loan Act. (Petition ¶¶ 61, 74, 77).

5. Plaintiffs seek to recover all allegedly unlawful interest paid to U.S. Bank and U.S. Bank ND. As discussed *infra*, regardless of whether plaintiffs' contention on this point is correct, the charges and interest that plaintiffs assert are at issue must be considered in light of federal law because U.S. Bank and U.S. Bank ND are national banks. Section 86 of the National Bank Act provides an exclusive remedy and, thus, renders this case removable. And, pursuant to recent regulations by the Office of the Comptroller of Currency ("OCC"), claims involving real estate loans are preempted by the NBA. *See* 69 Fed. Reg. 1904.

6. This case is also removable in that the claims and causes of action arise from loans made by FirstPlus Bank, a California entity that was insured and/or regulated by federal law, namely the Federal Deposit Insurance Act, 12 U.S.C. §§1811 et seq. As such, the

Depository Institutions Deregulation and Monetary Control Act ("DIDA") completely preempts the plaintiffs' claims. 12 U.S.C. §1831(d)(a).

## II. NOTICE OF REMOVAL IS TIMELY

7. Defendants U.S. Bank and U.S. Bank ND received service of the Petition on July 26, 2004. Pursuant to 28 U.S.C. § 1446(b), as construed in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), this Notice of Removal is timely filed. *See also Marano Enters. of Kansas v. Z-Teca Rests. L.P.*, 254 F.3d 753, 756-57 (8th Cir. 2001) (holding that each defendant–including all later served defendants–has thirty days after receiving service within which to file a notice of removal, "regardless of when–or if–previously served defendants had filed such notices.").

## III. FEDERAL QUESTION JURISDICTION EXISTS

8. The District Court of the United States has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that plaintiffs' causes of action arise under the laws of the United States.

9. Notwithstanding the absence of pleading a federal cause of action in plaintiffs' Petition, plaintiffs' position is sufficient to confer federal question jurisdiction upon this Court. "[A] case may arise under federal law 'where the vindication of a right under state law necessarily turns on some construction of federal law.'" *Berger Levee Dist., Franklin County, Missouri v. United States*, 128 F.3d 679, 681 (8th Cir. 1997) (quoting *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Plaintiffs' artful pleading cannot be used to avoid complete preemption in these circumstances. Federal law completely preempts the plaintiffs' claims.

10. Whether U.S. Bank and U.S. Bank ND are or may be liable for the collection or receipt of certain interest or charges is a question of federal law. *See Beneficial Nat'l Bank v.*

*Anderson*, 539 U.S. ___, 123 S. Ct. 2056, 2064 (2003) (stating that the NBA completely preempts all state interest limiting laws and allows for removal of any usury claim against a national bank to a federal court); *M. Nahas & Co. v. First Nat'l Bank of Hot Springs*, 930 F.2d 608, 612 (8th Cir. 1991) (a claim of usury against a national bank must necessarily be characterized as federal, and removal was therefore proper); *Taylor v. Wells Fargo Home Mortgage Inc.,* 2004 WL 856673 *1, *3 (E.D. La. April 20, 2004); *Phipps v. Guaranty Nat'l Bank*, 2002 WL 22149646 *6 (W.D. Mo. Sept. 17, 2003); *Basile v. H&R Block, Inc.*, 897 F. Supp. 194, 196 (E.D. Pa. 1995) (ruling that claim alleging national bank's "finance charges exceeded allowable limits under Pennsylvania's consumer protection law . . . raises a federal question."). Moreover, the existence of a substantial, disputed question of federal law as a necessary element of plaintiffs state law claims demonstrates that those state law claims arise under federal law so as to establish federal question jurisdiction under 28 U.S.C. § 1331. *See, e.g.*, *McNeill v. Franke*, 171 F.3d 561, 564 (8th Cir. 1999) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983); *Merrell Dow*, 478 U.S. at 808-09).

11. The loans made to plaintiffs were originated by FirstPlus Bank. It is further alleged that the loans were assigned to others including U.S. Bank and U.S. Bank ND, both national banks. U.S. Bank and U.S. Bank ND are alleged to be liable to plaintiffs because they have charged, collected and received or continue to charge, collect and receive interest and, thus, the loans are covered by 12 U.S.C. § 85. *See Krispin v. May Dep't Stores Co.*, 218 F.3d 919 (8th Cir. 2000); *see also Hudson v. Ace Cash Express, Inc.*, 2002 WL 1205060 (S.D. In. May 30, 2002); *Dannewitz v. Equicredit Corporation of America,* Case No. 01-L-008188 (a copy of which is attached as Exhibit B).

12. The allegations of the Petition make clear that plaintiffs are claiming that U.S. Bank and U.S. Bank ND have charged or are charging unlawful interest or other charges.

1594395.1                                                4
Case 5:04-cv-06098-HFS   Document 1   Filed 08/23/04   Page 4 of 10

As such, plaintiffs' state law claims are completely preempted and the suit is subject to federal jurisdiction. 12 U.S.C. § 86; *Beneficial*, *supra*; *Taylor*, *supra*, at *3; *Phipps*, *supra,* at *6.

13. While plaintiffs allege that the Thomases were charged a "finders fee" (Petition ¶ 68)) the loan documents show that no "finders fee" was charged on the Thomases loan as evidenced by the HUD-1, attached as Exhibit "C". Plaintiffs' claims of unlawful interest or other charges are completely preempted and the suit is subject to federal law. *See Phipps*, *supra*.

14. In addition to express powers, such as dealing in assignments of debt and the collection of interest pursuant to § 85, national banks also have broad "incidental powers" which are also protected from state interference. *See* 12 U.S.C. § 24 (Seventh) (stating national banks have "all such incidental powers as shall be necessary to carry on the business of banking"). "[I]ncidental powers" include all activities that are "closely related to banking and useful carrying out the business of banking." *Bank of America, N.A.*, 309 F.3d at 558.

15. Additionally, pursuant to 12 U.S.C. § 371, a national bank's powers expressly include the right to "make, arrange, purchase or sell loans or extensions of credit secured by liens on interests in real estate" subject only to section 1828(o) of this title and such restrictions and requirements as the Comptroller of the Currency may prescribe by regulation or order." 12 U.S.C. § 371. Notably, Section 371 is not conditioned on compliance with any state law. Section 371 evidences an intent by Congress to occupy the field of regulation of national banks' real estate lending except, of course, where Congress in other legislation has made them subject to additional requirements, *e.g.*, the Truth in Lending Act or Real Estate Settlement Procedures Act. Accordingly, pursuant to Section 371, Congress vested comprehensive and exclusive authority in the OCC to regulate and restrict the real estate lending activities of national banks.

*See* 69 Fed. Reg. 1904 (containing new regulations respecting real estate loans and providing preemption in cases involving real estate activities of national banks).

16. DIDA also completely preempts plaintiffs' claims and renders the plaintiffs' Second Mortgage Loan Act cause of action nugatory. *Beneficial* 123 S. Ct. at 2064. Under DIDA, FirstPlus Bank was legally entitled to export its loan terms, including the rates and charges permitted in California. *See* 12 U.S.C. §1831(d)(a)("Section 521"); *see also Adkison v. FirstPlus Bank, et al.*, 2004 WL 1098941.

17. Plaintiffs' causes of action under Missouri's Second Mortgage Loan Act, §408.231, *et seq.*, Mo. Rev. Stat., are completely and expressly preempted by DIDA Section 521. *See First Nat'Bank v. Nowlin,* 509 F.2d 872 (8th Cir. 1975) ("since Congress has provided a penalty for usury, that action preempts the field and leaves no room for varying state penalties"); *Nahas & Co. v. First Nat. Bank of Hot Springs*, 930 F.2d 608 (8th Cir. 1991) (plaintiffs usury action under Arkansas law completely preempted by Sections 85 and 86 of National Bank Act); *Greenwood Trust Co. v. Comm. of Mass.*, 971 F.2d 818 (1st Cir. 1992), *cert. denied,* 506 U.S. 1052 (1993)(DIDA preempts state statute prohibiting late fees); *Hill v. Chemical Bank*, 799 F. Supp. 948 (D. Minn. 1992) (provisions of DIDA establishing maximum interest rate for loans completely preempted field of usury claims, including charges for late fees and other charges permitted by bank's home state material to determination of interest rate); *Watson v. First Union Nat. Bank of S.C.*, 837 F.Supp. 146 (D.S.C. 1993) (Sections 85 and 86 of National Bank Act completely preempted plaintiffs state law claims for usurious interest and other charges under South Carolina Consumer Protection Code).

18. Section 521 of DIDA is modeled after sections 85 and 86 of the National Bank Act and should, therefore, be "interpreted *in pari materia*" with those sections. *Greenwood Trust Co. v. Massachusetts*, 971 F.2d 818, 830 (1st Cir. 1992) ("DIDA §521 should be interpreted

*in pari materia* with its direct and lineal ancestor, section 85 of the Bank Act"); *see also MorEquity, Inc. v. Naeem*, 118 F.Supp.2d 885, 896-97 (N.D. Ill. 2000) (section 521 of DIDA was modeled after section 85 of the National Bank Act); *Hill v. Chem. Bank,* 799 F.Supp. 948, 952 (D. Minn. 1992) (section 521 of DIDA is "nearly identical" to sections "85 and 86 of the National Bank Act").

19. This similarity in language between DIDA and the NBA "compels the conclusion that, like §86, §521(b) creates an exclusive federal remedy." *Hill*, 799 F.Supp. at 952. Therefore, and in keeping with *Beneficial*, there is "no such thing as a state-law claim of usury" against a federally insured state-chartered bank, such as FirstPlus Bank. *Beneficial*, 123 S.Ct. at 2064.

20. Plaintiffs' petition, based on allegedly excessive or improper interest and loan fees is, regardless of nomenclature, a claim rooted in usury and falls within the scope of DIDA complete preemption.

## IV. REMOVAL TO THIS DISTRICT IS PROPER

21. Pursuant to 28 U.S.C. § 1441 *et seq.*, the right exists to remove this case from the Circuit Court of Platte County, Missouri, to the United States District Court for the Western District of Missouri.

22. Removal venue exists in the United States District Court for the Western District of Missouri, Western Division, because the Circuit Court of Platte County, Missouri at Platte City, Missouri is within such district and division of this Court.

23. By virtue of this removal notice, the entire case becomes removed to federal court.

24. Pursuant to the provisions of 28 U.S.C. § 1446(d), copies of all process, pleadings, and orders served to date upon defendant U.S. Bank are attached to this Notice of Removal as Exhibit "A."

25. All defendants who have–to the knowledge of counsel for defendants U.S. Bank and U.S. Bank ND–been served with process and that have the right to remove based upon the National Bank Act, have verbally consented to this Notice of Removal, and it is anticipated that such defendants will file formal consents to this Notice of Removal within the time permitted, and none of those defendants is anticipated to object to this removal. U.S. Bank and U.S. Bank ND also anticipate no objection from any other served defendant.

26. Written notice of the filing of this Notice of Removal will be promptly served upon all counsel for adverse parties as required by law.

27. A true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the Circuit Court of Platte County, Missouri at Platte City, Missouri, as required by law, and served upon counsel for plaintiffs.

28. Defendants U.S. Bank and U.S. Bank ND reserve the right to amend or supplement this Notice of Removal, and defendants U.S. Bank and U.S. Bank ND reserve all defenses.

**WHEREFORE**, defendants U.S. Bank and U.S. Bank ND pray that this case be removed from the Circuit Court of Platte County, Missouri at Platte City, Missouri, where it is now pending, to this Court, that this Court accept jurisdiction of this action, and henceforth that this action be placed upon the docket of this Court for further proceedings, same as though this case had originally been instituted in this Court.

Respectfully submitted,

/s/ Mark A. Olthoff
RUSSELL S. JONES, JR. #30814
MARK A. OLTHOFF #38572
LOGAN W. OVERMAN #55002
SHUGHART THOMSON & KILROY, P.C.
Twelve Wyandotte Plaza
120 W. 12th Street
Kansas City, Missouri 64105
(816) 421-3355
(816) 374-0509 (FAX)

RICHARD B. SOLUM
PATRICK J. McLAUGHLIN
DORSEY & WHITNEY, LLP
50 S. 6th Street
Suite 1500
Minneapolis, Minnesota 55402-1498
(612) 340-2600
(612) 340-2643 (FAX)

ATTORNEYS FOR DEFENDANTS
U.S. BANK NATIONAL ASSOCIATION AND
U.S. BANK NATIONAL ASSOCIATION ND.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was hand delivered, this 23rd day of August , 2004, to:

Kip D. Richards, Esq.
J. Michael Vaughan, Esq.
David M. Skeens, Esq.
Walters, Bender, Strohbehn & Vaughan, PC
2500 City Center Square
12th and Baltimore
P.O. Box 26188
Kansas City, MO 64196

Eric Calhoun, Esq.
Gary Lawson, Esq.
Lawson Fields McCue Lee & Campbell, P.C.
14135 Midway, Suite 250
Addison, TX 75001

Attorneys for Plaintiffs

/s/ Mark A. Olthoff
Attorney for Defendants
U.S. Bank National Association and U.S. Bank
National Association ND