

# IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI

## NOTICE
## SETTING ON CALENDAR

STATE OF MISSOURI     )
                            ) ss
COUNTY OF PLATTE     )

CASE NO:           04CV83549
NATURE OF SUIT:   CC Contract-Other

DEANTHONY THOMAS
SUSAN JELINKE THOMAS
Plaintiff/Petitioner

      v.

US BANK NA ND
ACE SECURITIES CORP HOME LOAN TRUST 1999
US BANK NA
WILMINGTON TRUST COMPANY
FIRSTPLUS HOME LOAN TRUST 1996 2
FIRSTPLUS HOME LOAN TRUST 1996 3
FIRSTPLUS HOME LOAN TRUST 1996 4
FIRSTPLUS HOME LOAN TRUST 1997 1
FIRSTPLUS HOME LOAN TRUST 1997 2
FIRSTPLUS HOME LOAN TRUST 1997 3
FIRSTPLUS HOME LOAN TRUST 1997 4
FIRSTPLUS HOME LOAN TRUST 1998 1
FIRSTPLUS HOME LOAN TRUST 1998 2
FIRSTPLUS HOME LOAN TRUST 1998 3
FIRSTPLUS HOME LOAN TRUST 1998 4
FIRSTPLUS HOME LOAN TRUST 1998 5
THE ASSOCIATES
BANC ONE
CIT GROUP
CONTIMORTGAGE CORPORATION
GOLETA NATIONAL BANK
MASTER FINANCIAL
NORWEST HOME IMPROVEMENT
PSB LENDING
RESIDENTIAL FUNDING CORPORATION
WESTERN INDEPENDENT BANKERS
PFF BANCORP INC
HOUSEHOLD FINANCE CORPORATION
CHALLENGE REALTY

GERMAN AMERICAN CAPITAL CORPORATION
SOVEREIGN BANK
PAINE WEBBER REAL ESTATE SECURITIES INC
COUNTRYWIDE HOME LOANS INC
Defendant/Respondent

TO:

| DEANTHONY THOMAS SUSAN JELINKE THOMAS 5708 NW HUTSON RD KANSAS CITY, MO 64151 | US BANK NA ND ACE SECURITIES CORP HOME LOAN TRUST 1999 US BANK NA WILMINGTON TRUST COMPANY FIRSTPLUS HOME LOAN TRUST 1996 2 FIRSTPLUS HOME LOAN TRUST 1996 3 FIRSTPLUS HOME LOAN TRUST 1996 4 FIRSTPLUS HOME LOAN TRUST 1997 1 FIRSTPLUS HOME LOAN TRUST 1997 2 FIRSTPLUS HOME LOAN TRUST 1997 3 FIRSTPLUS HOME LOAN TRUST 1997 4 FIRSTPLUS HOME LOAN TRUST 1998 1 FIRSTPLUS HOME LOAN TRUST 1998 2 FIRSTPLUS HOME LOAN TRUST 1998 3 FIRSTPLUS HOME LOAN TRUST 1998 4 FIRSTPLUS HOME LOAN TRUST 1998 5 THE ASSOCIATES BANC ONE CIT GROUP CONTIMORTGAGE CORPORATION GOLETA NATIONAL BANK MASTER FINANCIAL NORWEST HOME IMPROVEMENT PSB LENDING RESIDENTIAL FUNDING CORPORATION WESTERN INDEPENDENT | J MICHAEL VAUGHAN 2500 CITY CENTER SQUARE 12TH & BALTIMORE P.O. BOX 26188 KANSAS CITY, MO 64196 | |

| | BANKERS PFF BANCORP INC HOUSEHOLD FINANCE CORPORATION CHALLENGE REALTY GERMAN AMERICAN CAPITAL CORPORATION SOVEREIGN BANK PAINE WEBBER REAL ESTATE SECURITIES INC COUNTRYWIDE HOME LOANS INC C/O PRESIDENT OR AN OFFICER 505 SECOND AVENUE NORTH FARGO, ND 58102 | | |
|---|---|---|---|

You are hereby notified that the referenced case has been set on the calendar as follows:

| | |
|---|---|
| Division: | PLATTE CO COURTHOUSE, DIV 2 |
| Date: | 13-SEP-2004 |
| Time: | 09:00 AM |
| Setting: | DOCKET CALL |

Date: 02-JUN-2004

SANDRA L. DOWD
Circuit Clerk, Platte County

# IN THE CIRCUIT COURT OF PLATTE COUNTY,

F I L E D
JUN 0 2 2004
SANDRA L. DOWD
Clerk of the Circuit Court Platte County, MO

| | |
|---|---|
| DEANTHONY THOMAS<br>and<br>SUSAN JELINKE-THOMAS<br>5708 NW Hutson Road<br>Kansas City, Missouri 64151, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | Case No. *O4CV 83549*<br>)<br>) |
| U.S. BANK N.A., N.D.<br>SERVE:<br>     The President or an Officer<br>     U.S. Bank N.A., N.D.<br>     505 Second Avenue North<br>     Fargo, North Dakota 58102 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| and | )<br>) |
| ACE SECURITIES CORP. HOME LOAN<br>TRUST 1999-A ASSET BACKED NOTES,<br>SERIES 1999-A<br>a Delaware Business Trust<br>SERVE:<br>     Vanguard Corporation Services LTD<br>     15 E. North Street<br>     Dover, Delaware 19901 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| and | )<br>) |
| U.S. BANK N.A.<br>a National Banking Entity<br>SERVE:<br>     John Grundhoffer – President<br>     U.S. Bank N.A.<br>     601 2nd Avenue South<br>     Minneapolis, Minnesota 55402 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| and | )<br>) |
| WILMINGTON TRUST COMPANY<br>a Delaware Trust Company<br>SERVE:<br>     Michael DiGregorio – Vice President<br>     Wilmington Trust Company | )<br>)<br>)<br>)<br>) |

```
1100 North Market Street                          )
Wilmington, Delaware 19801                         )
                                                   )
FIRSTPLUS HOME LOAN TRUST 1996-2,                  )
a Delaware Business Trust,                         )
SERVE:                                             )
        U.S. Bank National Association             )
        (Co-Owner Trustee)                         )
        John F. Grundhofer, President & CEO        )
        601 Second Avenue South                    )
        Minneapolis, Minnesota 55402-4302          )
                                                   )
and                                                )
                                                   )
FIRSTPLUS HOME LOAN TRUST 1996-3,                  )
a Delaware Business Trust,                         )
SERVE:                                             )
        U.S. Bank National Association             )
        (Co-Owner Trustee)                         )
        John F. Grundhofer, President & CEO        )
        601 Second Avenue South                    )
        Minneapolis, Minnesota 55402-4302          )
                                                   )
and                                                )
                                                   )
```

FIRSTPLUS HOME LOAN TRUST 1996-4,  )
a Delaware Business Trust,  )
SERVE:  )
    U.S. Bank National Association  )
    (Co-Owner Trustee)  )
    John F. Grundhofer, President & CEO  )
    601 Second Avenue South  )
    Minneapolis, Minnesota 55402-4302  )
    )
and  )
    )
FIRSTPLUS HOME LOAN TRUST 1997-1,  )
a Delaware Business Trust,  )
SERVE:  )
    U.S. Bank National Association  )
    (Co-Owner Trustee)  )
    John F. Grundhofer, President & CEO  )
    601 Second Avenue South  )
    Minneapolis, Minnesota 55402-4302  )
    )
and  )
    )
FIRSTPLUS HOME LOAN TRUST 1997-2,  )
a Delaware Business Trust,  )
SERVE:  )
    U.S. Bank National Association  )
    (Co-Owner Trustee)  )
    John F. Grundhofer, President & CEO  )
    601 Second Avenue South  )
    Minneapolis, Minnesota 55402-4302  )
    )
and  )
    )
FIRSTPLUS HOME LOAN TRUST 1997-3,  )
a Delaware Business Trust,  )
SERVE:  )
    U.S. Bank National Association  )
    (Co-Owner Trustee)  )
    John F. Grundhofer, President & CEO  )
    601 Second Avenue South  )
    Minneapolis, Minnesota 55402-4302  )
    )
and  )
    )

FIRSTPLUS HOME LOAN TRUST 1997-4,          )
a Delaware Business Trust,                 )
SERVE:                                     )
    U.S. Bank National Association          )
    (Co-Owner Trustee)                      )
    John F. Grundhofer, President & CEO     )
    601 Second Avenue South                 )
    Minneapolis, Minnesota 55402-4302       )
                                            )
and                                        )
                                            )
FIRSTPLUS HOME LOAN TRUST 1998-1,          )
a Delaware Business Trust,                 )
SERVE:                                     )
    U.S. Bank National Association          )
    (Co-Owner Trustee)                      )
    John F. Grundhofer, President & CEO     )
    601 Second Avenue South                 )
    Minneapolis, Minnesota 55402-4302       )
                                            )
and                                        )
                                            )
FIRSTPLUS HOME LOAN TRUST 1998-2,          )
a Delaware Business Trust,                 )
SERVE:                                     )
    U.S. Bank National Association          )
    (Co-Owner Trustee)                      )
    John F. Grundhofer, President & CEO     )
    601 Second Avenue South                 )
    Minneapolis, Minnesota 55402-4302       )
                                            )
and                                        )
                                            )
FIRSTPLUS HOME LOAN TRUST 1998-3,          )
a Delaware Business Trust,                 )
SERVE:                                     )
    U.S. Bank National Association          )
    (Co-Owner Trustee)                      )
    John F. Grundhofer, President & CEO     )
    601 Second Avenue South                 )
    Minneapolis, Minnesota 55402-4302       )
                                            )
and                                        )
                                            )

FIRSTPLUS HOME LOAN TRUST 1998-4,        )
a Delaware Business Trust,                )
SERVE:                                    )
      U.S. Bank National Association            )
      (Co-Owner Trustee)                        )
      John F. Grundhofer, President & CEO        )
      601 Second Avenue South                   )
      Minneapolis, Minnesota 55402-4302         )
                                                )
and                                       )
                                                )
FIRSTPLUS HOME LOAN TRUST 1998-5,        )
a Delaware Business Trust,                )
SERVE:                                    )
      U.S. Bank National Association            )
      (Co-Owner Trustee)                        )
      John F. Grundhofer, President & CEO        )
      601 Second Avenue South                   )
      Minneapolis, Minnesota 55402-4302         )
                                                )
and                                       )
                                                )
THE ASSOCIATES,                           )
a Delaware Corporation                    )
SERVE:                                    )
      C T Corporation Systems                   )
      350 S. St. Paul                           )
      Dallas, Texas 75201                       )
                                                )
and                                       )
                                                )
BANC-ONE                                  )
a Delaware Corporation                    )
SERVE:                                    )
      The Corporation Company                   )
      120 South Central Avenue                  )
      Clayton, Missouri 63105                   )
                                                )
and                                       )
                                                )

CIT GROUP,                                          )
a California Corporation                            )
SERVE:                                              )
     Individual In Charge Of Office        )
     4900 Hopyard Road, #160               )
     Pleasonton, California 94588          )
                                                    )
and                                                 )
                                                    )
CONTIMORTGAGE, CORPORATION                          )
a Delaware Corporation                              )
SERVE:                                              )
     C T Corporation System                )
     120 South Central Avenue              )
     Clayton, Missouri 63105               )
                                                    )
and                                                 )
                                                    )
GOLETA NATIONAL BANK                                )
a California Corporation                            )
SERVE:                                              )
     Individual In Charge Of Office        )
     5827 Hollister Avenue                 )
     Goleta, California 93117              )
                                                    )
and                                                 )
                                                    )
MASTER FINANCIAL                                    )
a California Corporation                            )
SERVE:                                              )
     Christopher J. Mullins                )
     333 South Anita Drive, #150           )
     Orange, California 92868              )
                                                    )
and                                                 )
                                                    )
NORWEST HOME IMPROVEMENT                            )
a Texas Corporation                                 )
SERVE:                                              )
     CSC – Lawyers Inc. Service Co.        )
     221 Bolivar Street                    )
     Jefferson City, Missouri 65101        )
                                                    )
and                                                 )
                                                    )

PSB LENDING,                                    )
a Nevada Corporation                            )
SERVE:                                          )
      ParaCorp Incorporated        )
      7730 Carondelet Avenue       )
      St. Louis, Missouri  63105   )
                                   )
and                                             )
                                   )
RESIDENTIAL FUNDING CORPORATION                 )
a Minnesota, Corporation                        )
SERVE:                                          )
      C T Corporation System       )
      120 South Central Avenue     )
      Clayton, Missouri  63105     )
                                   )
and                                             )
                                   )
WESTERN INDEPENDENT BANKERS                     )
a Oregon, Corporation                           )
SERVE:                                          )
      Nancy E. Sheppard            )
      550 Montgomery St., Ste. 600 )
      San Francisco, California 94111 )
                                   )
and                                             )
                                   )
PFF BANCORP, INC.                               )
a Delaware Corporation                          )
SERVE:                                          )
      Greg Talbott                 )
      350 S. Garey Ave.            )
      Pomona, California 91766     )
                                   )
and                                             )
                                   )
HOUSEHOLD FINANCE CORPORATION                   )
a Delaware Corporation                          )
SERVE:                                          )
      CT Corporation System        )
      208 South LaSalle St.        )
      Chicago, Illinois 60604      )
                                   )
and                                             )

CHALLENGE REALTY )
a Nevada enterprise )
SERVE: )
     Howard Furst, President )
     26941 Cabot Road, Ste. 115 )
     Laguana Hills, CA  92653 )
      )
and )
      )
GERMAN AMERICAN CAPITAL )
CORPORATION )
a Maryland corporation )
SERVE: )
     Donna Milrod, President )
     31 W. 52nd Street )
     New York, NY 10019 )
      )
and )
      )
SOVEREIGN BANK )
a United States Savings Bank )
SERVE: )
     Jay Sidhu, President )
     1130 Berkshire Blvd. )
     Wyomissing, PA 19610 )
and )
      )
PAINE WEBBER REAL ESTATE SECURITIES )
INC. )
an affiliate of USB PAINE WEBBER INC.  )
a Delaware Corporation )
SERVE: )
     Corporation Service Company )
     80 State Street )
     Albany, New York 12207 )
      )
and )

COUNTRYWIDE HOME LOANS INC.          )
A New York, Corporation              )
SERVE:                               )
    Prentice-Hall Corp. System Inc.   )
    221 Bolivar St.                   )
    Jefferson City, Missouri 65101    )
                                     )
              Defendants.     )

## PETITION FOR DAMAGES

### INTRODUCTION

### Nature of the Claims

1.    This action is brought as a plaintiffs' class in connection with certain second mortgage loans on Missouri residential real estate. It includes a plaintiffs' and defendants' class action in connection with second mortgage loans on Missouri residential real estate purportedly originated by FIRSTPLUS BANK to seek redress for the predatory lending practices employed against more than 3000 Missouri homeowners by the now dissolved FIRSTPLUS BANK and its affiliated entities, including without limitation, FirstPlus Financial. These second mortgage loans will be sometimes referred to as the "FirstPlus Missouri Second Mortgage Loans." Defendants in connection with the FirstPlus Missouri Second Mortgage Loans include those defendants (including a defendant class) that purchased or had assigned to them and now hold such second mortgage loans and also the servicer or servicers who now collect or previously collected the payments of principal and interest on the hereinafter described second mortgages.

2.    In connection with the FirstPlus Missouri Second Mortgage Loans, plaintiffs seek redress for violations of Missouri's Second Mortgage Loans Act (Mo. Rev. Stat. §408.231 et seq.) including claims for injunctive relief. Plaintiffs' claims are **not** based on and do not arise from the rate of interest charged on plaintiffs' loans or on the loans made to the putative class.

The rate of interest charged on these loans was "lawful" under Missouri law in that it was lawful with regard to the rate permitted in Mo. Rev. Stat. § 408.232.1, but was not lawful under other Missouri law (*i.e.*, §§ 408.030 or 408.035). **With respect to the FirstPlus Missouri Second Mortgage Loans, plaintiffs make no claim that the illegal charges were interest or that the FirstPlus Missouri Second Mortgage Loans were usurious under any applicable law.**

3.     This action is also brought as a separate plaintiffs' class action against U.S. BANK, NA, ND in connection with any second mortgage loan on Missouri residential real estate which was purchased by or assigned to U.S. BANK, NA, ND to the extent that such a second mortgage loan included charges or terms not permitted by the provisions of Mo. Rev. Stat. § 408.231 et seq., and which second mortgage loan was not, except for the above mentioned FirstPlus Missouri Second Mortgage Loans, originated by a national bank or a federally insured bank or savings association, and is not included in a pending Missouri class action against U.S. BANK, NA, ND. It is estimated that these loans involve more than 1,000 Missouri homeowners. These second mortgage loans will be sometimes referred to as the "U.S. Bank Purchased Second Mortgage Loans." The only defendant included by the plaintiffs regarding these U.S. Bank Purchased Second Mortgage Loans is defendant, U.S. BANK, NA ND.

4.     In connection with these U.S. Bank Purchased Second Mortgage Loans, plaintiffs seek redress for violations of Missouri's Second Mortgage Loans Act (Mo. Rev. Stat. §408.231 et seq. and particularly § 408.233) by the original lender, for which U.S. BANK NA ND is liable not only under the terms of Mo. Rev. Stat. § 408.233, but also under 15 U.S.C. § 1641 to the extent that such U.S. Bank Purchased Second Mortgage Loans are "HOEPA" loans as defined under 15 U.S.C. § 1602 (aa)(1). Plaintiffs' claims regarding these U.S. Bank Purchased Second Mortgage Loans are **not** based on and do not arise from the rate of interest charged on plaintiffs'

loans or on the loans made to the putative class. The rate of interest charged on these loans was "lawful" under Missouri law in that it was lawful with regard to the rate permitted in Mo. Rev. Stat. § 408.232.1, but was not lawful under other Missouri law (*i.e..* §§ 408.030 or 408.035). **Plaintiffs make no claim that the illegal charges were interest or that the U.S. Bank Purchased Second Mortgage Loans were usurious under any applicable law.**

<u>Factual Background</u>

5.    During the late 1990's, a number of mortgage lenders became very aggressive in underwriting Missouri second mortgage loans. The principal balance of these loans, coupled with the other encumbrances on the realty, often exceeded the value of the property. Such loans were sometimes called "High Loan-To-Value" (hereinafter "HLTV") loans, or 125% loans (reflecting a total debt of 125% of the value of the home). Prime among these mortgage lenders was FirstPlus Financial ("FINANCIAL"), headquartered in Dallas, Texas.

6.    FINANCIAL was a wholly owned subsidiary of FirstPlus Financial Group, Inc. ("FPFG") a specialized Financial Services Company that originated, purchased, serviced and sold home equity loans, home improvement loans, debt consolidation loans, and consumer finance receivables, substantially all of which were secured by liens on real property. FINANCIAL was the primary operating subsidiary of FPFG and in this capacity, Financial originated loans through its network of correspondent lenders, independent home improvement contractors and a television advertising and direct mail solicitation campaign. FIRSTPLUS BANK became an affiliate of FINANCIAL upon FPFG's August of 1997 acquisition of FIRSTPLUS BANK'S successor, Citizens Thrift and Loan through the purchase of Citizens Thrift's parent, Western Interstate Bancorp ("WIB"), all as more fully described below.

7.     Several factors fueled the explosive growth of FirstPlus Missouri Second Mortgage Loans. First, during the mid-1990's American households had a substantial amount of consumer debt and were likewise presented with a number of loan vehicles that promoted debt consolidation.   Second, and more importantly, by the mid-1990's there existed a vibrant secondary market for securitized pools of HLTV mortgage loans.  Institutional investors began purchasing interests in the cash flow of these mortgage pools, attracted by greater rates of return resulting from the higher interest rates charged on such loans.  This ready market place for such loans allowed the originators a method of quickly passing along these riskier loans and provided the inflow of cash needed to make still more loans.

8.     FINANCIAL launched the secondary market for HLTV loans with its initial securitization in 1995.  In October of 1998, the secondary market for HLTV loans collapsed when the Asian financial crisis cut off the supply of investor money available to flow into the securitization pools and by the spring of 1999, FINANCIAL was bankrupt.  Up to that point, however, FINANCIAL had been one big mortgage lending machine, originating second mortgage loans in more than 40 different states and putting together some 20 securitizations involving over $7 Billion dollars in loans.

9.     Missouri was one such state.   According to the SEC filings of another FIRSTPLUS affiliate, FirstPlus Investments, the FirstPlus empire made second mortgage loans to over 3300 Missouri homeowners totaling over $100 million.   In the prospectus filed in connection with the FirstPlus Home Loan Owners Trust 1997-3, the typical borrower is described as follows: "In many cases, home loans will have been made to borrowers that typically have limited access to mortgage financing for a variety of reasons, such as high rations of debt-to-income, unfavorable credit experience, insufficient home equity value, relative low income or a

limited credit history." In other words, FIRSTPLUS and FINANICAL preyed upon borrowers with limited alternative sources for consumer credit. Given the financial condition of such borrowers and, in some cases, their limited financial sophistication, FINANCIAL was able to charge exorbitant origination and other fees in connection with such second mortgage loans. In fact, because FINANCIAL shipped loans off to be part of a securitization pool as quickly as it could, its income did not come from the interest charged on the loan but from these excessive fees and from the servicing rights to the loans which FINANCIAL retained. Thus, FINANCIAL was motivated to charge the highest possible fees, legal or not, as part of these second mortgage loans.

10.     At odds with FINANCIAL'S motivation was the fact that mortgage lending laws of the states generally limited the interest and fees lenders could charge on high cost second mortgage loans. Missouri's Second Mortgage Loans Act, for example, limited the amount of interest charged to 20.04% until August 28, 1998 (and thereafter permitted rates agreed by the parties), and strictly limited the fees that could be charged by the lender and collected by the lender or any subsequent holder under § 408.233.

11.     Faced with this obstacle to greater profitability, including the obstacle in some states to charging both high interest rates and high fees, Financial seized upon the idea of "washing" its HLTV loans through a regulated financial institution in an effort to shield its predatory practices from the scrutiny and review of state regulators and the application of state usury laws. Therefore, in August of 1997, FINANICAL'S parent, FPFG, acquired Western Interstate Bancorp, a holding company which owned all of the capital stock of Citizens Thrift and Loan, a small California Industrial Loan Company based in Tustin, California. After the

acquisition, Citizen's name was changed to FirstPlus Bank, the purported lender in connection with the FirstPlus Missouri Second Mortgage Loans.

12. Even though FirstPlus Bank was identified as the originating lender of these FirstPlus Financial loans, FINANCIAL continued to promote such loans and received substantial fees in connection with such loans, which fees were charged to and paid by the borrowers and which fees were in violation of Missouri law.

13. FIRSTPLUS BANK and FINANCIAL were both "moneyed corporations." They "papered" their relationship regarding HLTV loans (including the FirstPlus Missouri Second Mortgage Loans) with two agreements executed by Daniel T. Phillips and Michael W. McGuire, the CEOs of Financial and Bank, respectively, on October 1, 1997. First, FINANICAL and FIRSTPLUS BANK entered a Loan Brokerage, Underwriting and Processing Agreement whereby FINANIGAL would process and underwrite loans for FIRSTPLUS BANK. Second, FINANICAL and FIRSTPLUS BANK also entered a Master Loan Purchase Agreement whereby FIRSTPLUS BANK would "sell" the same loans back to FINANICAL.

14. As noted, FIRSTPLUS BANK would be identified as the lender in HLTV borrowers' HUD 1 Settlement Statements. Additionally, the HUD 1 would note that FIRSTPLUS BANK was receiving, generally, 10 "points" or a discount fee from the proceeds of the loan. However, whatever "points" or discount fee was, in fact, paid to FINANCIAL for finding the borrowers, generally as a "broker's fee." FirstPlus CEO Dan Phillips characterized this arrangement in an April 8, 1998 letter to Mike McGuire, CEO of FIRSTPLUS BANK as follows:

> I am writing to confirm that FirstPlus Bank will not be required to pay to FirstPlus Financial ten points on any loan pursuant to the Agreement unless [Financial] sells the loan to the borrower for ten points. If [Financial] sells a loan to a

borrower pursuant to the Agreement for less than ten points, (which I anticipate will rarely, if every (sic) happen) [Financial] will reduce its compensation for its services pursuant to the Agreement to not exceed the number of points collected by Citizens [FirstPlus Bank] from the borrower at the loan closing.

15.     Thus, with respect to HLTV loans FINANICAL made to Missouri borrowers, then, the following chronology typically would ensue:

(a)     Through advertising or direct mail, FINANCIAL would solicit the loan business. When the solicitation was successful, FINANCIAL would take the application and underwrite and approve the loan;

(b)     FINANCIAL would prepare loan documents for the transaction in which Bank would be identified as the lender in the HUD 1 Statement;

(c)     The borrower would sign the loan documents at closing;

(d)     FIRSTPLUS BANK would purportedly assign the Deed of Trust and Note to FINANCIAL contemporaneously with the loan closing;

(e)     FIRSTPLUS BANK would "transfer" a "broker's fee" (or finder's fee) to FINANCIAL, reflecting the amount FINANCIAL charged the borrower in connection with and contemporaneously with loan closing.

(f)     Commencing with closing, FINANCIAL would briefly own the loan and collect payments from the borrower; and

(g)     Within a short period thereafter, FINANCIAL, through another affiliate, FIRSTPLUS FINANCIAL INVESTMENTS, pooled the loans and then securitized them for a public offering. FINANCIAL maintained its status as the loan servicer and collected income from performing the same.

16.     However, the FirstPlus Missouri Second Mortgage Loans loans, even if made by

FIRSTPLUS BANK, were not legal under California law because FIRSTPLUS BANK, as an

industrial loan company, did not have the ability to make such loans and these loans were such a

high loan to value ratios that they violated the California state law requirement that where an

industrial loan company loans money secured by real estate, the value of the property (*i.e.* the

Fair Market Value less any prior encumbrances) must be more than 50% of the value of the loan.

17.     Defendant, U.S. BANK NA ND became attracted by the significant returns that it could receive from such second mortgage loans, including the HLTV loans. Thus even before the financial collapse of FINANCIAL, but certainly thereafter, armed with an opportunity to not only receive such a high return, but also to be able to purchase such loans through the bankruptcy of FINANCIAL and other entities at a discount, U.S. BANK NA ND began and continued to purchase such loans. The potential profits, even though such were generated from the illegal burdens placed on Missouri homeowners (and other American homeowners) were simply too much to pass up (sometime such profits were as much as 300 basis points or more above what could be obtained by a comparable paper).

18.     Therefore, U.S. BANK NA ND began an active effort to purchase loans originated by other lenders, which included Missouri loans in which the closing fees charged to the borrowers were in violation of Missouri's Second Mortgage Loans Act and particularly § 408.233.

19.     U.S. BANK NA ND has and continues to charge and receive fees, which fees are not interest, but which fees violated and continue to violate Missouri's Second Mortgage Loans Act in connection with these U.S. Bank Purchased Second Mortgage Loans.

20.     Significantly, the Missouri Second Mortgage Loans Act does not exempt any FirstPlus Missouri Second Mortgage Loans or any U.S. Bank Purchased Second Mortgage Loans from its intended coverage and this has been made remedially clear by the Missouri General Assembly in its remedial enactment of § 408.232.4, wherein the exemption from the Acts coverage is, as was always, limited to second mortgage loans if the interest rate of such loan was "lawful" **under Missouri law** regardless of whether the originating lender was a national bank, a federally insured bank or savings association or a non-bank lender. This remedial legislation was

intended to remedy the interpretation, erroneous as it was, that the Second Mortgage Loans Act did not apply to foreign bank lenders. This remedial enactment applies to any actions, such as this, filed after January 1, 2004 (all of which is without prejudice to the contention that it shows the meaning of § 408.232.4 from its original effective date of August 28, 1980).

21.    Moreover, even if the Second Mortgage Loans Act, under § 408.232.4 could ever have been interpreted as being inapplicable to foreign banks or savings associations, such an interpretation is unconstitutional and is in violation of Mo. Const. Art. 3, § 44.

### THE PARTIES

### The Plaintiffs

22.    Plaintiffs Deanthony Thomas and Susan Jelinek-Thomas (the "THOMASES") are lawfully married individuals who reside at 5708 NW Hutson Road, Kansas City, Missouri. 64151.

### The FirstPlus Missouri Second Mortgage Loans Defendants

23.    FIRSTPLUS BANK was a California corporation, which was previously authorized to do business in Missouri as a foreign corporation until such authority was administratively dissolved on or about September 28, 1998 as a result of FIRSTPLUS BANK's failure to file a franchise report or pay the requisite taxes. FIRSTPLUS BANK has since been dissolved, in part, because of the numerous predatory lending claims brought against it by residents across America. Additionally, FIRSTPLUS FINANCIAL has filed for bankruptcy. Thus, neither FIRSTPLUS BANK nor FIRSTPLUS FINANCIAL are named as defendants in this action. However, the defendants hereinafter identified as "Investor Defendants," having purchased such loans are liable under the expressed terms of Missouri's Second Mortgage Loans Act for having charged and received the illegal charges set forth in Mo. Rev. Stat § 408.233 and

are also liable for the acts of these lenders under HOEPA, and in particular 15 U.S.C. § 1641, because these FirstPlus Missouri Second Mortgage Loans are HOEPA loans. Plaintiffs as the putative class representatives have standing to include these Investor Defendants and the Assignee Defendants of the FirstPlus Missouri Second Mortgage Loans of the Plaintiff Class whose loans were purchased, directly or indirectly, from FirstPlus Bank or FINANCIAL, because such class has standing to pursue the claims of its class members for these loans, because the Representative Plaintiffs, as putative class representatives, may and are required as part of their duty to the class to join the holders of such loans under permissive joinder rules, and because such claims are juridically linked to those of the Representative Plaintiffs in that all of the loans were originally "made" by FirstPlus Bank to Missouri borrowers. Joinder of the Investor Defendants and Assignee Defendants as parties is permitted and required in order to afford all members of the class the same relief.

### Investor Defendants

24. Defendant U.S. Bank N.A., N.D., ("U.S. BANK N.D.") is named in its capacity as the holder of notes of certain class plaintiffs, including the THOMASES and it is also named as the representative of a class of defendants that are holders of the notes of certain other class plaintiffs, all such class plaintiffs having obtained a First Plus Missouri Second Mortgage Loan. U.S. BANK N.D. is a North Dakota banking entity Fargo, North Dakota.

25. Defendant ACE SECURITIES CORPORATION HOME LOAN TRUST 1999-A ASSET BACKED NOTES, SERIES 1999-A ("ACE TRUST 1999-A") is a Delaware business trust and is named in its capacity as the holder of notes of certain class plaintiffs. ACE TRUST 1999-A can be served with legal process by leaving a copy of the summons and petition with

Defendant ACE SECURITIES CORP. HOME LOAN TRUST 1999-A ASSET Vanguard Corporation Services LTD at 15 E. North Street, Dover, Delaware 19901.

26.     Defendant U.S. BANK N.A. ("U.S. BANK") is named in its capacity as a trustee of the holders and/or as the holder of notes of certain class plaintiffs and it is also named as the representative of a class of defendants that are the trustees and/or holders of the notes of certain other class plaintiffs, all such class plaintiffs having obtained Second Mortgage Loans which are the subject of this action.  U.S. BANK N.A. is a national banking entity with its main office being located in Minneapolis, Minnesota.

27.     Defendant Wilmington Trust Company (hereinafter "WILMINGTON TRUST") is named in its representative capacity as a trustee of the holders and/or as the holder of notes of certain class plaintiffs, all such class plaintiffs having obtained Second Mortgage Loans which are the subject of this action.   WILMINGTON TRUST is a Delaware trust company. WILMINGTON TRUST can be served with legal process by leaving a copy of the summons and this second amended petition with Michael DiGregorio, Vice-President of WILMINGTON TRUST, authorized for accepting service at WILMINGTON TRUST, 1100 North Market Street, Wilmington, Delaware 19801.

28.     Defendant FIRSTPLUS HOME LOAN TRUST 1996-2 is a Delaware Business Trust.  FIRSTPLUS HOME LOAN TRUST 1996-2 is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving U.S. Bank, National Association (Co-Owner Trustee), John F. Grundhofer, President & CEO, 601 Second Avenue South, Minneapolis, Minnesota 55402-4302.

29.     Defendant FIRSTPLUS HOME LOAN TRUST 1996-3 is a Delaware Business Trust.  FIRSTPLUS HOME LOAN TRUST 1996-3 is named in its capacity as the holder of

notes of certain class plaintiffs and can be served with legal process by serving U.S. Bank, National Association (Co-Owner Trustee), John F. Grundhofer, President & CEO, 601 Second Avenue South, Minneapolis, Minnesota 55402-4302.

30.     Defendant FIRSTPLUS HOME LOAN TRUST 1996-4 is a Delaware Business Trust. FIRSTPLUS HOME LOAN TRUST 1996-4 is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving U.S. Bank, National Association (Co-Owner Trustee), John F. Grundhofer, President & CEO, 601 Second Avenue South, Minneapolis, Minnesota 55402-4302.

31.     Defendant FIRSTPLUS HOME LOAN TRUST 1997-1 is a Delaware Business Trust. FIRSTPLUS HOME LOAN TRUST 1997-1 is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving U.S. Bank, National Association (Co-Owner Trustee), John F. Grundhofer, President & CEO, 601 Second Avenue South, Minneapolis, Minnesota 55402-4302.

32.     Defendant FIRSTPLUS HOME LOAN TRUST 1997-2 is a Delaware Business Trust. FIRSTPLUS HOME LOAN TRUST 1997-2 is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving U.S. Bank, National Association (Co-Owner Trustee), John F. Grundhofer, President & CEO, 601 Second Avenue South, Minneapolis, Minnesota 55402-4302.

33.     Defendant FIRSTPLUS HOME LOAN TRUST 1997-3 is a Delaware Business Trust. FIRSTPLUS HOME LOAN TRUST 1997-3 is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving U.S. Bank, National Association (Co-Owner Trustee), John F. Grundhofer, President & CEO, 601 Second Avenue South, Minneapolis, Minnesota 55402-4302.

34.     Defendant FIRSTPLUS HOME LOAN TRUST 1997-4 is a Delaware Business Trust. FIRSTPLUS HOME LOAN TRUST 1997-4 is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving U.S. Bank, National Association (Co-Owner Trustee), John F. Grundhofer, President & CEO, 601 Second Avenue South, Minneapolis, Minnesota 55402-4302.

35.     Defendant FIRSTPLUS HOME LOAN TRUST 1998-1 is a Delaware Business Trust. FIRSTPLUS HOME LOAN TRUST 1996-2 is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving U.S. Bank, National Association (Co-Owner Trustee), John F. Grundhofer, President & CEO, 601 Second Avenue South, Minneapolis, Minnesota 55402-4302.

36.     Defendant FIRSTPLUS HOME LOAN TRUST 1998-2 is a Delaware Business Trust. FIRSTPLUS HOME LOAN TRUST 1998-2 is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving U.S. Bank, National Association (Co-Owner Trustee), John F. Grundhofer, President & CEO, 601 Second Avenue South, Minneapolis, Minnesota 55402-4302.

37.     Defendant FIRSTPLUS HOME LOAN TRUST 1998-3 is a Delaware Business Trust. FIRSTPLUS HOME LOAN TRUST 1998-3 is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving U.S. Bank, National Association (Co-Owner Trustee), John F. Grundhofer, President & CEO, 601 Second Avenue South, Minneapolis, Minnesota 55402-4302.

38.     Defendant FIRSTPLUS HOME LOAN TRUST 1998-4 is a Delaware Business Trust. FIRSTPLUS HOME LOAN TRUST 1998-4 is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving U.S. Bank,

National Association (Co-Owner Trustee), John F. Grundhofer, President & CEO, 601 Second Avenue South, Minneapolis, Minnesota 55402-4302.

39. Defendant FIRSTPLUS HOME LOAN TRUST 1998-5 is a Delaware Business Trust. FIRSTPLUS HOME LOAN TRUST 1998-5 is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving U.S. Bank, National Association (Co-Owner Trustee), John F. Grundhofer, President & CEO, 601 Second Avenue South, Minneapolis, Minnesota 55402-4302.

40. Defendant THE ASSOCIATES is a Delaware corporation and is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving C T Corporation System, 350 S. St. Paul, Dallas, Texas 75201.

41. Defendant BANC-ONE is a Delaware corporation and is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving The Corporation Company, 120 South Central Avenue, Clayton, Missouri 63105.

42. Defendant CIT GROUP is a California corporation and is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving the individual in charge of the office at 4900 Hopyard Road, #160, Pleasonton, California 94588.

43. Defendant CONTIMORTGAGE is a Delaware corporation and is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving C T Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

44. Defendant GOLETA NATIONAL BANK is a California corporation and is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving the individual in charge of the office at 5827 Hollister Avenue, Goleta, California 93117.

45. Defendant MASTER FINANCIAL is a California corporation and is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving Christopher J. Mullins, 333 South Anita Drive, #150, Orange, California 92868.

46. Defendant NORWEST HOME IMPROVEMENT is a Texas corporation and is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving CSC – Lawyers Inc.,Service Company, 221 Bolivar Street, Jefferson City, Missouri 65101.

47. Defendant PSB LENDING CORPORATION ("PSB LENDING") is a Nevada corporation and is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving ParaCorp Incorporated, 7730 Carondelet Avenue, St. Louis, Missouri 63105.

48. Defendant RESIDENTIAL FUNDING CORPORATION is a Minnesota corporation and is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving C T Corporation, Systems, 120 South Central Avenue, Clayton, Missouri 63105.

49. Defendant WESTERN INDEPENDENT BANKERS is an Oregon corporation and is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving Nancy E. Sheppard at 550 Montgomery St., Suite 600, San Francisco, California 94111.

50. Defendant PFF BANCORP, INC. is a Delaware corporation and is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving Greg Talbott, 350 S. Garey Ave., Pomona, California 91766.

51.     Defendant HOUSEHOLD FINANCE CORPORATION is a Delaware corporation and is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving C T Corporation, Systems, 208 South LaSalle St., Chicago, Illinois 60604.

52.     Defendant CHALLENGE REALTY is a Nevada enterprise and is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving Howard Furst, President, 26941 Cabot Road, Suite 115, Laguna Hills, CA 92653.

53.     Defendant GERMAN AMERICAN CAPITAL CORPORATION is a Maryland corporation and is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving Donna Milrod, President, at 31 W. 52nd Street, New York, New York 10019.

54.     Defendant SOVEREIGN BANK a United States Savings Bank and is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving Jay Sidhu, President, 1130 Bershire Blvd., Wyomissing, Pennsylvania 19610.

55.     Defendant Paine Webber Real Estate Securities Inc., an affiliate of USB Paine Webber Inc., a Delaware and is named in its capacity as the holder of notes of certain class plaintiffs and can be served with legal process by serving Corporation Service Company, 80 State Street, Albany, New York, New York 12207.

56.     Defendant COUNTRYWIDE HOME LOANS INC., is a New York corporation with offices located in Missouri and can be served with legal process by serving Prentice-Hall Corp. Systems Inc., at 221 Bolivar St., Jefferson City, Missouri 65101. COUNTRYWIDE, as a servicer of these FirstPlus Missouri Second Mortgage Loans, did "charge" and " receive" fees

and other charges in violation of Missouri's Second Mortgage Loans Act and in particular §
408.233.

57.     Each of the Defendants named in paragraphs 27 through 60 above (collectively at
times, the "INVESTOR DEFENDANTS") purchased and/or is or was an owner, assignee
(holder) of, and/or the trustee of a trust, fund or pool owning and/or holding, or is a servicer
collecting loan payments from the Second Mortgage Loans of the plaintiffs and the plaintiff
class, which Second Mortgage Loans were purportedly originated and/or made by FIRSTPLUS
BANK (or a finder or broker on its behalf), all as is more particularly set forth herein.

### The Assignee Defendants

58.     Each of the Investor Defendants are named as a defendant both individually as a
purchaser or holder of these FirstPlus Missouri Second Mortgage Loans and in its capacity as an
owner and/or assignee (holder) of, and/or the trustee of a trust, fund or pool owning or holding,
these FirstPlus Missouri Second Mortgage Loans, and as a member and representative of every
other member of the Defendant Class (as hereinafter defined), which includes the remaining
owners and assignees (holders) of, and trustees of the trusts, funds and pools owning and/or
holding, said FirstPlus Missouri Second Mortgage Loans (collectively, the "ASSIGNEE
DEFENDANTS").

### JURISDICTION AND VENUE

59.     This Court has jurisdiction over U.S. BANK, N.A., ACE SECURITIES, U.S.
BANK N.D., WILMINGTON TRUST, each FIRSTPLUS HOME LOAN TRUST, THE
ASSOCIATES, BANC-ONE, CIT GROUP, CONTI MORTGAGE, GOLETA NATIONAL
BANK, MASTER FINANCIAL, NORWEST HOME IMPROVEMENT, PSB LENDING,
RESIDENTIAL FUNDING CORPORATION, COUNTRYWIDE HOME LOANS and each of

the other ASSIGNEE DEFENDANTS since each transacted business, made contracts, committed torts and/or are assignees of such entities and/or used or possessed an interest in real estate all located within the state of Missouri, and/or are subject to the service of process in this state, all as is more particularly alleged in this Petition for Damages.

60. Defendant U.S. BANK, ND is, in particular, subject to the jurisdiction of this Court because it either has or had a registered agent in this state, because FirstPlus Bank and the other lenders from whom U.S. BANK, ND, purchased such second mortgages was registered to do business in this state or did business in this state, subjecting the lender to the jurisdiction of this state in connection with the loan purchased by U.S. BANK, ND, and because U.S. BANK, ND has had a continuous and systematic presence in and contacts within the State of Missouri and/or pursuant to Mo. Rev. Stat. § 506.500 and in connection with the extensive U.S. Bank Purchased Second Mortgages and having further

(a)     Transacted business within this state by virtue of its charging and receiving fees, principal and interest in connection with numerous Second Mortgage Loans in this state;

(b)     Made contracts within this state by virtue of its purchase from others numerous Second Mortgage Loans in this state, and the contracts made in conjunction with such Second Mortgage Loans;

(c)     Committed tortious acts within this state by virtue of its violations of Missouri' Second Mortgage Loan Act and its unlawful collection and conversion of monies in violation of such Act (including without limitation, continuing to collect illegal fees from the class members as more specifically set forth herein); and

(d)     Used real estate situated in this state to illegally secure the Second Mortgage Loans that are the subject of this action.

61. Each of the ASSIGNEE DEFENDANTS is subject to the jurisdiction of this Court, either having a registered agent in and/or a continuous and systematic presence in or contacts with the state of Missouri, and/or pursuant to the provisions of Mo. Rev. Stat. §506.500, having further:

(a) Transacted business within this state by virtue of its charging and receiving fees, principal and interest in connection with numerous Second Mortgage Loans in this state;

(b) Made contracts within this state by virtue of its purchase from others numerous Second Mortgage Loans in this state, and the contracts made in conjunction with such Second Mortgage Loans;

(c) Committed tortious acts within this state by virtue of its violations of Missouri' Second Mortgage Loan Act and its unlawful collection and conversion of monies in violation of such Act (including without limitation, continuing to collect illegal fees from the class members as more specifically set forth herein); and

(d) Used real estate situated in this state to illegally secure the Second Mortgage Loans that are the subject of this action.

62. Venue is proper in this Court pursuant to the terms of Mo. Rev. Stat. §408.562 because named plaintiffs reside in this county and the transactions complained of occurred in this county.

## GENERAL ALLEGATIONS

63. PLAINTIFFS (sometimes collectively referred to both above and below as the "REPRESENTATIVE PLAINTIFFS") bring this action individually, and as a class action on behalf of two statewide class of Missouri residential real estate borrowers which class members either :

A. Obtained a FirstPlus Missouri Second Mortgage Loans, which loans were thereafter purchased by one of the Assignee Defendants; or

B. Obtained a U.S. Bank Purchased Second Mortgage Loan, which, as defined above, was originated by another lender in violation of Missouri's Second Mortgage Loans Act and thereafter purchases, by U.S. BANK ND, excluding any second mortgage loan (except for the FirstPlus Bank Missouri Second Mortgage

Loans) that was originated by a national bank or a federally insured bank or savings association.

With respect to both such classes, "Second Mortgage Loans" are defined at Mo. Rev. Stat. §408.231.et seq. to mean "... a loan secured solely by a lien upon any interest in residential real estate created by a security instrument, including a mortgage, trust deed, or other similar instrument or document . . .which residential real estate is subject to one or more prior mortgage loans." "Residential real estate" is defined at Mo. Rev. Stat. §408.231.3, to mean ". . . any real estate used or intended to be used as a residence by not more than four families . . . ."

64.     In each of the of the FirstPlus Missouri Second Mortgage Loans and the U.S. Bank Purchased Second Mortgage Loans at issue, the lender received a promissory note from the REPRESENTATIVE PLAINTIFFS and from the plaintiff class members and the lender or its nominee or assign was named as the "Beneficiary" in a second mortgage deed of trust to secure the said Second Mortgage Loans.

65.     In connection with these Second Mortgage Loans, the lenders and each of them charged costs and fees that violated Missouri's Second Mortgage Loans Act. In particular, the lenders charged fees (sometimes called origination fees, or points or broker's fees or document preparation fees or other fees which were payable to or retained by the lender or an affiliate of the lender) and which fees violated Missouri's Second Mortgage Loans Act and in particular Mo. Rev. Stat. §408.233.

66.     These unlawful fees were payable at the time that the loans were closed and were added to the principal balance of the Second Mortgage Loan notes and on which amounts interest was charged, as it was charged on the entire principal balance of the notes.

## The Thomases Second Mortgage Loans

67. On or about December 12, 1997 the Thomases took the first of two second mortgage loans from FirstPlus Bank, previously known as Citizens Thrift and Loan Association. This original second mortgage loan in the sum of $22,228.00 included a 10% origination fee which was purportedly paid to Citizens Thrift and Loan Association, but, on information and belief, was paid to FINANCIAL.

68. On or about in order to obtain an additional $6,000 cash, the Thomas took out a second or subsequent second mortgage loan from FirstPlus Bank at an additional cost of $2,840.15 which was charged to the Thomases as a broker's fee paid to FINANCIAL, and which amount, despite being characterized as "POINTS," was not interest, but was a finder's fee paid to FINANCIAL for finding these and promoting this second mortgage loan to the borrowers. This fee was charged, contracted-for and received in violation of the Missouri Second Mortgage Loans Act (and contrary to the closing statements was not a "POINTS 2% TO LENDER" but was substantially more than the stated 2% and in violation of the limitations set forth in the Missouri Second Mortgage Loans Act even if such were characterized as an origination fee.

69. To secure repayment of their note, the THOMASES were required to and did execute a deed of trust for the benefit of FIRSTPLUS BANK which deed of trust was filed on or about December 19, 1998. The deed of trust granted FIRSTPLUS BANK a security lien in Residential real estate as defined at Mo. Rev. Stat. §408.231 and was subject to one or more prior mortgage loans.

70. In connection with this Second Mortgage Loan, FIRSTPLUS BANK charged fees, as noted above, which were illegal settlement charges, in violation of Missouri's Second Mortgage Loans Act (Mo. Rev. Stat. §408.231 et seq.).

71.     The Thomases loan was purchased by U.S. BANK ND, which purchase was evidenced by an assignment of the deed of trust to U.S. BANK ND recorded on or about December 11, 2000.

### COUNT I
**(The FirstPlus Missouri Second Mortgage Loans)**
**(Class Action for Violations of Missouri's Second Mortgage Loans Act)**

72.     Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth in this Count I.

**Plaintiff Class Action Allegations-The FirstPlus Missouri Second Mortgage Loans**

73.     This Count I is properly brought as a plaintiff class action under Mo. Rule 52.08. The class consists of all persons who satisfy the following criteria:

(b)     That obtained Second Mortgage Loans on Residential Real Estate "made" by FIRSTPLUS BANK within the meaning of Missouri's Second Mortgage Loans Act, §408.231 et seq.; and

(b)     That as part of that Second Mortgage Loan either an Origination Fee or Broker's Fee (sometimes called a finder's fee or a mortgage broker or broker fee) or "POINTS" or other closing costs or fees were charged that were in violation of Missouri's Second Mortgage Loans Act because such charges were either not permitted by the Act or were in excess of the charges permitted by the Act, and all in violation of Missouri's Second Mortgage Loans Act.

74.     The Class includes persons who entered into such loans within six years before May 16, 2000, less the 14 days from May 18 through June 1, 2004, because the six-year limitations period that is otherwise applicable against these FirstPlus Bank loans (as claims against "moneyed corporations" including both FirstPlus Bank and the subsequent holders) has been tolled by the filing of a previous putative class action, which action was filed on May 16, 2000 and which putative class was terminated, if at all, by the May 18, 2004 opinion of the Missouri Court of Appeals (which opinion is not as of the filing of this action final in that there

has been no ruling on a motion for rehearing and/or motion to transfer). The six-year limitations period is applicable to these FirstPlus Bank loans because FirstPlus Bank was a moneyed corporation, as are all of the ASSIGNEE DEFENDANTS. Moreover, and in the alternative, this class consists of those ASSIGNEE DEFENDANTS who have, in connection with the referenced FirstPlus Missouri Second Mortgage Loans, charged or received interest or the illegal fees after the period of June 1, 1998 on such loans. This Class shall be referred to as "THE FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS".

75. The particular members of THE FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS are capable of being described without difficult managerial or administrative problems. The members of THE FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS are readily identifiable from the information and records in the possession or control of receiver for FIRSTPLUS BANK and/or FINANCIAL, which has agreed to maintain such records and which information has already been furnished to the undersigned counsel.

76. THE FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS members are so numerous that individual joinder of all members is impractical. This allegation is based on the fact that FIRSTPLUS BANK made extensive Second Mortgage Loans in Missouri throughout this period, which loans exceed 3,000 in number.

77. There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members of THE FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS and, in fact, the wrongs suffered and remedies sought by the REPRESENTATIVE PLAINTIFFS and the other members of THE FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS are identical, the only difference being the exact

monetary amount to which each member of THE FIRSTPLUS MISSOURI SECOND
MORTGAGE CLASS is entitled. The principal common issues are:

(a)   Whether FIRSTPLUS BANK and the ASSIGNEE DEFENDANTS violated Mo.
      Rev. Stat. §408.231 et seq. by charging and receiving from the
      REPRESENTATIVE PLAINTIFFS and THE FIRSTPLUS MISSOURI SECOND
      MORTGAGE CLASS the fees and charges as described above;

(b)   Whether ASSIGNEE DEFENDANTS (individually, and as a defendant class as
      defined below) are barred under the provisions of Mo. Rev. Stat. §408.236 from
      recovery of any interest under these Second Mortgage Loans, and whether they
      are liable to return all past interest illegally received and should be enjoined from
      receiving any future interest;

(c)   Whether ASSIGNEE DEFENDANTS (individually and as a defendant class) are
      liable, in addition to the other civil remedies or penalties, for actual damages,
      together with punitive damages and attorneys fees pursuant to Mo. Rev. Stat.
      §408.562.

78.   The RESENTATIVE PLAINTIFFS' claims are typical of those of the members of
the Class and are based on the same legal and factual theories.

79.   The REPRESENTATIVE PLAINTIFFS' will fairly and adequately represent and
protect the interests of the class. They have suffered substantial economic injury in their own
capacity from the practices of which they complain. They have retained counsel experienced in
handling class actions, and actions involving unlawful commercial practices. Neither
REPRESENTATIVE PLAINTIFFS nor their counsel has any conflicting interests which might
cause them not to vigorously pursue this action.

80. Certification of a plaintiff class under Mo. Rule 52.08(b)(2) is appropriate as to the ASSIGNEE DEFENDANTS (individually and as a defendant class), in that these defendants have (directly or as assignees or the trustees of such assignees) illegally charged and received these illegal closing costs, fees and the interest that is thereby barred pursuant to Mo. Rev. Stat. §408.236 and to the extent that those defendants and each of them continue to hold such loans, they should be enjoined from continuing to collect any interest from these Second Mortgage Notes, and ordered to return any interest previously collected.

81. Certification of a plaintiff class under Mo. Rule 52.08(b)(3) is also appropriate as to the ASSIGNEE DEFENDANTS (individually, and as a defendant class), in that the common questions predominate over any individual questions pertaining to individual members of the Class, and a plaintiff class action is superior to any other available methods for the fair and efficient adjudication of this controversy. A plaintiff class action will cause an orderly and expeditious administration of THE FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS claims and economies of time, effort and expense will be fostered, and uniformity of decisions will be insured. Moreover, the individual class members are likely to be unaware of their rights and not in a position (either through experience or financially) to commence individual litigation against the likes of the ASSIGNEE DEFENDANTS.

### Defendants' Liability Under Missouri's Second Mortgage Loans Act

82. Each of the loans that FIRSTPLUS BANK made to the REPRESENTATIVE PLAINTIFFS and members of THE FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS constituted a "Second Mortgage Loan" within the meaning of Mo. Rev. Stat. §408.231 et seq.

83. Mo. Rev. Stat. §408.233 provides in pertinent part as follows:

1.    No charge other than that permitted by section 408.232 shall be directly or indirectly charged, contracted for or received in connection with any Second Mortgage Loan, except as provided in this section:

\* \*

(3)    Bona Fide closing costs **paid to third parties**, which shall include:

(a)    Fees or premiums for title examination, title insurance, or similar purposes including survey;

(b)    Fees for preparation of a deed, settlement statement, or other documents;

(c)    Fees for notarizing deeds and other documents;

(d)    Appraisal fees; and

(e)    Fees for credit reports

\* \*

(5)    A nonrefundable origination fee not to exceed two percent of the principal... (increased to five percent by the 1998 amendment to the statute).

84.    FIRSTPLUS BANK violated Mo. Rev. Stat. §408.233 by engaging in the following acts, methods or practices:

(a) Charging, either directly or indirectly, nonrefundable finder's fees or broker's fees (sometimes called origination fees) which were not allowed by and in excess of what fees were allowed by 408.233.1(5);

(b) Charging, either directly or indirectly, closing fees and costs that were (i) not allowed by the statute; (ii) in excess of those actually charged by the third-parties; or (iii) retained for itself or an affiliate and not paid, as required, to a third party.

85.    Mo. Rev. Stat. § 408.236 provides as follows:

Any person violating the provisions of sections 408.231 to 408.237 shall be barred from recovery of any interest on the contract, except where such violation occurred either:

(1) As a result of an accidental and bona fide error of computations; or

(2) As a result of any acts done or omitted in reliance on a written interpretation of the provisions of sections 408.231 to 408.240 by the division of finance.

86. As the purchasers and/or assignees and holders or as trustee for the assignees and holders of the notes and deeds of trust given under the Second Mortgage Loans by the REPRESENTATIVE PLAINTIFFS and every other member of THE FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS, the ASSIGNEE DEFENDANTS (individually and as a defendant class, as hereinafter defined) are liable to the REPRESENTATIVE PLAINTIFFS and THE FIRSTPLUS MISSOURI SECOND MORTAGE CLASS, just as FIRSTPLUS BANK is liable to the REPRESENTATIVE PLAINTIFFS and THE FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS.

87. The ASSIGNEE DEFENDANTS (individually, and as a defendant class, as hereinafter defined) are liable to the REPRESENTATIVE PLAINTIFFS and THE FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS as one of the remedies under the Act for all interest that they has been paid or collected or which will be hereinafter collected from the Second Mortgage Loans, and any such interest collected after the date of the filing of this action shall be additional evidence of the willful and malicious nature of and conscious disregard of the unlawfulness of the acts of FIRSTPLUS BANK and the ASSIGNEE DEFENDANTS (individually and as a defendant class, as hereinafter defined).

88.     The ASSIGNEE DEFENDANTS (individually, and as a defendant class, as hereinafter defined) and each of them should be forever barred and enjoined under Mo. Rev. Stat §408.236. from collecting or recovering any interest on the Second Mortgage Loans of the REPRESENTATIVE PLAINTIFFS and the other members of THE FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS for the reasons set out above.

89.     Mo. Rev. Stat. § 408.562 provides as follows:

> In addition to any other remedies or penalties provided for by law, any person who suffers any loss of money or property as a result of any act, method or practice in violation of the provisions of sections 408.100 to 408.561 may bring an action in the circuit court of the county in which any of the defendants reside, in which the plaintiff resides, or in which the transaction complained of occurred to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing party in such action attorney's fees, based on the amount of time reasonably expended, and may provide such action attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary and proper.

90.     As a result of the statutory violations described above, each of the REPRESENTATIVE PLAINTIFFS and other members of THE FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS suffered a loss of money or property in that they were charged and paid and/or became obligated to pay fees, charges and costs in amounts greater than those allowed by Missouri law and were charged interest in violation of Missouri law.

91.     The conduct of FIRSTPLUS BANK (and the ASSIGNEE DEFENDANTS by virtue of their status as assignees or trustees for the assignees and by virtue of their own conduct in continuing to collect such charges) and the resulting violations of Missouri law, were intentional, willful, wanton and malicious, or otherwise showed a complete indifference to or a conscious disregard of the rights of each of the REPRESENTATIVE PLAINTIFFS and the other members of THE FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS, including, without

limitation, the fact that defendants continued to charge and receive illegal fees and interest after they knew of the violations of Missouri law, therefore entitling the REPRESENTATIVE PLAINTIFFS and THE FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS to punitive damages against the defendants and each of them in such amount as is fair and reasonable to punish defendants and to deter defendants and others from like conduct.

### Defendant Class Action Allegations

92.     This action is also properly brought as a defendant class action under Mo. Rule 52.08.     The defendant class ("THE DEFENDANT FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS") consists of all persons who satisfy the following criteria:

(a)     Those persons or entities or their trustees that received any interest from the FirstPlus Missouri Second Mortgage Loans of the REPRESENTATIVE PLAINTIFFS or THE FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS as a result of an assignment or transfer of such Second Mortgage Loans to the recipient of such interest or the trustee of such a recipient; or

(b)     Those persons or entities or their trustees that have held or now hold, by virtue of transfer or assignment or otherwise (including acting as trustee of such holder or assignee), the Second Mortgage Loans of the REPRESENTATIVE PLAINTIFFS or THE FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS ("THE DEFENDANT FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS").

93.     The particular members of THE DEFENDANT FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS are capable of being described without difficult managerial or administrative problems. The members of THE DEFENDANT SECOND MORTGAGE CLASS are readily identifiable from the information and records in the possession or control of receiver

for FIRSTPLUS BANK and/or FINANCIAL, which has agreed to maintain such records and which information has already been furnished to the undersigned counsel.

94.     Upon information and belief, THE DEFENDANT FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS members are so numerous that individual joinder of all members is impractical. This allegation is based on the fact that FIRSTPLUS BANK made extensive Second Mortgage Loans in Missouri throughout this period and those loans have since been assigned to a number of mortgage trusts or pools and may thereafter have been reassigned.

95.     There are questions of law and fact common to THE DEFENDANT FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS which questions predominate over any questions affecting only individual members of THE DEFENDANT FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS and, in fact, the wrongs alleged against THE DEFENDANT FIRSTPLUS MIORTGAGE SECOND MORTGAGE CLASS and remedies sought by the REPRESENTATIVE PLAINTIFFS and the other members of THE SECOND MORTGAGE CLASS against the ASSIGNEE DEFENDANTS are identical, the only difference being the exact monetary amount to which each ASSIGNEE DEFENDANT is liable to the respective members of THE FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS is entitled and the amount of interest that should be barred, enjoined and returned. The principal common issues are:

(a)     Whether THE DEFENDANT FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS is liable as a result of the violations by FIRSTPLUS BANK of Missouri's Second Mortgage Loans Act and/or whether THE DEFENDANT FIRSTPLUS MISSOURI MORTGAGE SECOND MORTGAGE CLASS is entitled to assert any defenses to such violations.

(b)     Whether THE DEFENDANT FIRSTPLUS MORTGAGE SECOND MORTGAGE CLASS is barred under the provisions of Mo. Rev. Stat. §408.236 from the recovery of any interest under these Second Mortgage Loans and whether they are liable to return all past interest illegally received and should be enjoined from receiving any future interest; and

(c)     Whether THE DEFENDANT FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS is liable, in addition to the other civil remedies or penalties, for actual damages, together with punitive damages and attorneys fees pursuant to Mo. Rev. Stat. §408.562

96.     The ASSIGNEE DEFENDANTS' defenses of THE DEFENDANT FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS (which defenses are denied) are typical of those of the individual ASSIGNEE DEFENDANTS and will be based on the same legal and factual theories.

97.     The ASSIGNEE DEFENDANTS (including U.S. BANK NA ND and U.S. BANK NA as the representative trustee of a number of the assignees and holders of these Second Mortgages) will fairly and adequately represent and protect the interests of THE DEFENDANT FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS. They will undoubtedly retain counsel experienced in defending class actions and actions involving unlawful commercial practices. Said defendants do not, based upon information and belief, have any interests which might cause them not to vigorously defend this action.

98.     Certification of a defendant class under Mo. Rule 52.08(b)(2) is appropriate as to the ASSIGNEE DEFENDANTS, in that these defendants, as assignees and/or holders (or their trustees) of the Second Mortgage Loans from FIRSTPLUS BANK have illegally collected

closing costs, fees and interest on these Second Mortgage Loans and as holders (or their trustees) of the said notes will continue to collect interest, contrary to Mo. Rev. Stat. §408.236 and those defendants and each of them (and especially the holders of these Second Mortgage Notes) should be enjoined from collecting any interest from those Second Mortgage Notes and ordered to return any interest previously collected.

99. Certification of a defendant class under Mo. Rule 52.08(b)(3) is also appropriate as to the ASSIGNEE DEFENDANTS in that common questions predominate over any individual questions pertaining to individual members of the Class and a defendant class action is superior to any other available methods for the fair and efficient adjudication of this controversy. A defendant class action will cause an orderly and expeditious administration of THE DEFENDANT FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS defenses, if any, and economies of time, effort and expenses will be fostered and uniformity of decisions will be insured.

### Prayer for Relief

WHEREFORE, the REPRESENTATIVE PLAINTIFFS, individually, on behalf of themselves and all members of THE FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS, pray for judgment against respective defendants and each of them, as follows:

(a) For an order certifying that this action may be maintained as class action under Mo. Rule 52.08, appointing the REPRESENTATIVE PLAINTIFFS and their counsel to represent THE FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS, and directing that reasonable notice of this action be given to all other members of such Class;

(b)     For an order certifying that this action may be maintained as a defendant class regarding THE FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS under Mo. Rule 52.08, appointing U.S. BANK N.A. and U.S. BANK NA ND and any other named ASSIGNEE DEFENDANTS to represent THE DEFENDANT SECOND MORTGAGE CLASS, and directing that reasonable notice of this action be given to all other members of THE DEFENDANT SECOND MORTGAGE CLASS;

(c)     For a permanent injunction enjoining the defendants, together with their officers, directors, employees, agents, partners or representatives, successors and any and all persons acting in concert from directly or indirectly engaging in the wrongful acts and practices described above for the benefit of the REPRESENTATIVE PLAINTIFFS and THE FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS ;

(d)     For an order directing disgorgement or restitution of all charges which were improperly contracted for, charged or received, and the imposition of an equitable constructive trust over such amounts for the benefit of the REPRESENTATIVE PLAINTIFFS and other members of THE FIRSTPLUS MISSOURI SECOND MORTGAGE CLASS;

(e)     For actual damages to be proven at the time of trial, including the remedy of the return of all interest charged, contracted or received on any of these Second Mortgage Loans and all illegal closing costs and fees;

(f)     For punitive damages in a sum that is fair and reasonable;

(g)     For reasonable attorneys' fees as provided by law and statute;

(h)     For pre-and-post judgment interest as provided by law in amount according to proof at trial;

(i)     For an award of costs and expenses incurred in this action; and

(j)     For such other and further relief as the Court may deem necessary and proper

## COUNT II
### (The U.S. Bank Purchased Second Mortgage Loans)
### (Class Action for Violations of Missouri's Second Mortgage Loans Act)

100.    Plaintiffs incorporate by reference the preceding paragraphs before Count I, as though such paragraphs are fully set forth in this Count II.

### Plaintiff Class Action Allegations-The U.S. Bank Purchased Second Mortgage Loans

101.    This Count II is properly brought as a plaintiff class action under Mo. Rule 52.08 against defendant U.S. BANK NA ND (sometimes referred to as "U.S. BANK ND"). The class consists of all persons who satisfy the following criteria:

(a) That obtained a Second Mortgage Loans on Residential Real Estate from a lender other than a national bank or federally insured bank or savings association (but including FIRSTPLUS BANK) within the meaning of Missouri's Second Mortgage Loans Act, §408.231 et seq.; and

(b) That as part of that Second Mortgage Loan was charged or paid closing costs that were prohibited by virtue of Mo. Rev. Stat. § 408.233 because such fees were not permitted by the terms or the Act or were in excess of the fees allowed therein, and all in violation of Missouri's Second Mortgage Loans Act; and

(c) Whose Second Mortgage Loan was purchased by or assigned to U.S. BANK NA ND.

102.    The Class includes persons who entered into such loans within six years before June 2, 2004 because loans were made by lenders who, along with U.S. BANK, NA ND are or were moneyed corporations. In addition, this class consists of those U.S. Bank Purchased Second Mortgage Loans in which U.S. Bank has charge or received interest or illegal fees in

connection with any such loans within the six years before June 2, 2004. This Class shall be referred to as "THE U.S. BANK MISSOURI SECOND MORTGAGE CLASS".

103.   The particular members of THE U.S. BANK MISSOURI SECOND MORTGAGE CLASS are capable of being described without difficult managerial or administrative problems.   The members of THE U.S. BANK MISSOURI SECOND MORTGAGE CLASS are readily identifiable from the information and records in the possession or control of U.S. BANK NA ND.

104.   THE U.S. BANK MISSOURI SECOND MORTGAGE CLASS members are so numerous that individual joinder of all members is impractical.  This allegation is based on the fact that U.S. BANK has purchased extensive Second Mortgage Loans in Missouri throughout this period, which loans exceed 1,000 in number (in addition to the FirstPlus Bank mortgage purchased by U.S. BANK NA ND).

105.   There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members of THE U.S. BANK MISSOURI SECOND MORTGAGE CLASS and, in fact, the wrongs suffered and remedies sought by the REPRESENTATIVE PLAINTIFFS and the other members of THE U.S. BANK MISSOURI SECOND MORTGAGE CLASS are identical, the only difference being the exact nature of the closing costs that violate Missouri law and the different monetary amount to which each member of THE U.S. BANK MISSOURI SECOND MORTGAGE CLASS is entitled.  The principal common issues are:

> (a)   Whether the Second Mortgage Loans purchased by U.S. BANK NA ND violated Mo. Rev. Stat. §408.231 et seq. by charging and receiving from the

REPRESENTATIVE PLAINTIFFS and THE U.S. BANK MISSOURI SECOND MORTGAGE CLASS the fees and charges as described above;

(b)     Whether U.S. BANK NA ND is barred under the provisions of Mo. Rev. Stat. §408.236 from recovery of any interest under these Second Mortgage Loans, and whether it is liable to return all past interest illegally received and should be enjoined from receiving any future interest;

(c)     Whether U.S. BANK NA ND is liable, in addition to the other civil remedies or penalties, for actual damages, together with punitive damages and attorneys fees pursuant to Mo. Rev. Stat. §408.562.

106.    The RESENTATIVE PLAINTIFFS' claims are typical of those of the members of the Class and are based on the same legal and factual theories.

107.    The REPRESENTATIVE PLAINTIFFS' will fairly and adequately represent and protect the interests of the class. They have suffered substantial economic injury in their own capacity from the practices complained of. They have retained counsel experienced in handling class actions, and actions involving unlawful commercial practices. Neither REPRESENTATIVE PLAINTIFFS nor their counsel has any conflicting interests which might cause them not to vigorously pursue this action.

108.    Certification of a plaintiff class under Mo. Rule 52.08(b)(2) is appropriate as to U.S. BANK NA ND because it has illegally charged and received these illegal closing costs, fees and the interest that is thereby barred pursuant to Mo. Rev. Stat. §408.236 and to the extent that it continues to hold such loans, it should be enjoined from continuing to collect any interest from these Second Mortgage Notes, and ordered to return any interest previously collected.

109.    Certification of a plaintiff class under Mo. Rule 52.08(b)(3) is also appropriate as to U.S. BANK NA ND in that the common questions predominate over any individual questions pertaining to individual members of the Class, and a plaintiff class action is superior to any other available methods for the fair and efficient adjudication of this controversy. A plaintiff class action will cause an orderly and expeditious administration of THE U.S. BANK MISSOURI SECOND MORTGAGE CLASS claims and economies of time, effort and expense will be fostered, and uniformity of decisions will be insured. Moreover, the individual class members are likely to be unaware of their rights and not in a position (either through experience or financially) to commence individual litigation against the likes of U.S. BANK NA ND.

### U.S. BANK NA ND's Liability Under Missouri's Second Mortgage Loans Act

110.    Each of the loans that U.S. BANK NA ND that were made in violation of Missouri's Second Mortgage Loans Act makes U.S. BANK NA ND as assignee liable for such illegal loans and the resulting remedies available under Missouri's Second Mortgage Loans Act because the U.S.. BANK NA ND continue to "charge" and "receive" such illegal fees, and because, to the extent that such loans are HOEPA loans under 15 U.S.C. § 1602 (aa)(1), U.S. BANK NA ND is liable as the lender pursuant to 15 U.S.C. § 1641.

111.    Mo. Rev. Stat. §408.233 provides in pertinent part as follows:

1.    No charge other than that permitted by section 408.232 shall be directly or indirectly **charged, contracted for or received** in connection with any Second Mortgage Loan, except as provided in this section:

* *

(3)    Bona Fide closing costs **paid to third parties**, which shall include:

(a)    Fees or premiums for title examination, title insurance, or similar purposes including survey;

(b)     Fees for preparation of a deed, settlement statement, or other documents;

(c)     Fees for notarizing deeds and other documents;

(d)     Appraisal fees; and

(e)     Fees for credit reports

\* \*

(5)     A nonrefundable origination fee not to exceed two percent of the principal... (increased to five percent by the 1998 amendment to the statute).

112.    The lenders of such loans purchased by U.S. BANK NA ND violated Mo. Rev. Stat. §408.233 by charging closing costs that were either not allowed or were in excess of those allowed.

113.    The conduct of U.S. BANK NA ND in its decision to purchase such loans regardless of the legality of such loans reflects its appetite to profit from such loans in an amount that was far above what was otherwise available to it as an investor in such paper and as such, the purchase of such loans and the continued charging and receipt of the illegal charges represent a conduct that was intentional, willful, wanton and malicious, and which otherwise showed a complete indifference to and a conscious disregard of the rights of the REPRESENTATIVE PLAINTIFFS and every other member of THE U.S. BANK MISSOURI SECOND MORTGAGE CLASS.

114.    As the purchasers and/or assignees and holders of the notes and deeds of trust given under the Second Mortgage Loans by the REPRESENTATIVE PLAINTIFFS and every other member of THE U.S. BANK MISSOURI SECOND MORTGAGE CLASS, the U.S. BANK NA ND is liable to the REPRESENTATIVE PLAINTIFFS and THE U.S. BANK

MISSOURI SECOND MORTAGE CLASS, just as lender is or was liable to the REPRESENTATIVE PLAINTIFFS and THE U.S. BANK MISSOURI SECOND MORTGAGE CLASS, not only under the terms of the Missouri Second Mortgage Loans Act, but also under the provisions of HOEPA (15 U.S.C. § 1641) to the extent that the loans in THE U.S. BANK MISSOURI SECOND MORTGAGE CLASS were HOEPA loans as defined under 15 U.S.C. § 1602(aa)(1).

115.   U.S. BANK NA ND is liable as a remedy under the Missouri Second Mortgage Loans Act to the REPRESENTATIVE PLAINTIFFS and the members of THE U.S. BANK MISSOURI SECOND MORTGAGE CLASS for all interest that they have been charged and received from such REPRESENTATIVE PLAINTIFFS and the members of THE U.S. BANK MISSOURI SECOND MORTGAGE CLASS collected or which will be hereinafter collected from the Second Mortgage Loans, and any such interest collected after the date of the filing of this action shall be additional evidence of the willful and malicious nature of and conscious disregard of the unlawful acts of U.S. BANK NA ND.

116.   U.S. BANK NA ND should be forever barred and enjoined under Mo. Rev. Stat §408.236. from collecting or recovering any interest on the Second Mortgage Loans of the REPRESENTATIVE PLAINTIFFS and the other members of THE U.S. BANK MISSOURI SECOND MORTGAGE CLASS for the reasons set out above.

117.   Mo. Rev. Stat. § 408.562 provides as follows:

> In addition to any other remedies or penalties provided for by law, any person who suffers any loss of money or property as a result of any act, method or practice in violation of the provisions of sections 408.100 to 408.561 may bring an action in the circuit court of the county in which any of the defendants reside, in which the plaintiff resides, or in which the transaction complained of occurred to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing party in

such action attorney's fees, based on the amount of time reasonably expended, and may provide such action attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary and proper.

118. As a result of the statutory violations described above, each of the REPRESENTATIVE PLAINTIFFS and other members of THE U.S. BANK MISSOURI SECOND MORTGAGE CLASS suffered a loss of money or property in that they were charged and paid and/or became obligated to pay fees, charges and costs in amounts greater than those allowed by Missouri law and were charged interest in violation of Missouri law.

### Prayer for Relief

WHEREFORE, the REPRESENTATIVE PLAINTIFFS, individually, on behalf of themselves and all members of THE U.S. BANK MISSOURI SECOND MORTGAGE CLASS, pray for judgment against U.S. BANK NA ND as follows:

(a) For an order certifying that this action may be maintained as class action under Mo. Rule 52.08, appointing the REPRESENTATIVE PLAINTIFFS and their counsel to represent THE U.S. BANK MISSOURI SECOND MORTGAGE CLASS, and directing that reasonable notice of this action be given to all other members of such Class;

(b) For a permanent injunction enjoining U.S. BANK NA ND, together with its officers, directors, employees, agents, partners or representatives, successors and any and all persons acting in concert from directly or indirectly engaging in the wrongful acts and practices described above for the benefit of the REPRESENTATIVE PLAINTIFFS and THE U.S. BANK MISSOURI SECOND MORTGAGE CLASS;

(c)     For an order directing disgorgement or restitution of all charges which were improperly contracted for, charged or received, and the imposition of an equitable constructive trust over such amounts for the benefit of the REPRESENTATIVE PLAINTIFFS and other members of THE U.S. BANK MISSOURI SECOND MORTGAGE CLASS;

(d)     For actual damages to be proven at the time of trial, including the remedy of the return of all interest charged, contracted or received on any of these Second Mortgage Loans and all illegal closing costs and fees;

(e)     For punitive damages in a sum that is fair and reasonable;

(f)     For reasonable attorneys' fees as provided by law and statute;

(g)     For pre-and-post judgment interest as provided by law in amount according to proof at trial;

(h)     For an award of costs and expenses incurred in this action; and

(i)     For such other and further relief as the Court may deem necessary and proper.

Respectfully submitted,

WALTERS    BENDER    STROHBEHN    &
VAUGHAN, P.C.

By _____
    J. Michael Vaughan-Mo.Bar 24989
    Kip D. Richards - Mo. Bar 39743
    David M. Skeens -Mo. Bar 35728
    2500 City Center Square
    12th & Baltimore
    P.O. Box 26188
    Kansas City, MO  64196
    (816) 421-6620
    (816) 421-4747 (Facsimile)

    and

    LAWSON & FIELDS P.C.
    Gary Lawson
    and
    Eric Calhoun
    Suite 250
    14135 Midway Road
    Addison, Texas 75001
    (972) 490-0808
    (972) 490-9545 (Facsimile)

    ATTORNEYS FOR PLAINTIFFS