IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

DEANTHONY THOMAS, et al.,

        Plaintiffs,

vs.

        Case No. 4:-cv-6098

U.S. BANK NA ND,  et al.,

        Defendants.

---

**SUGGESTIONS IN SUPPORT OF
PLAINTIFFS' MOTION TO REMAND**

---

Submitted by,

WALTERS BENDER STROHBEHN
 & VAUGHAN, P.C.
J. Michael Vaughan - Mo. Bar 24989
Kip D. Richards - Mo.  Bar 39743
David M. Skeens -Mo.  Bar 35728
2500 City Center Square
1100 Main Street
P.O. Box 26188
Kansas City, MO 64196
(816) 421-6620
(816) 421-4747 (Facsimile)

ATTORNEYS FOR PLAINTIFFS

# TABLE OF CONTENTS

I. INTRODUCTION.................................................................................1

    A.    The Missouri Second Mortgage Loans Act Regulates both the "Interest" and "Non-Interest" Charges that can be "Charged, Contracted for or Received" in Connection with a Residential Second Mortgage Loan.................................................................................3

    B.    Plaintiffs Allege that FPB "Made" Each of the Second Mortgage Loans at Issue and Violated § 408.233.1 of the SMLA by Assessing "Non-Interest" Charges. Neither US Bank NA, nor US Bank NA ND, nor any Other National Bank "Made" any of the Second Mortgage Loans.................................................................................5

II. ARGUMENT AND LEGAL AUTHORITIES ...................................6

    A.    Defendants' Burden on Removal...........................................6

    B.    Removal and Federal Question Jurisdiction ..........................7

    C.    The Court Lacks Subject Matter Jurisdiction and Should Remand the Case Because DIDA § 521 does not Completely Preempt Plaintiffs' State Law Claims for Unlawful "Finder's Fees" and Other "Non-Interest" Charges .................................................................................9

        1.    Plaintiffs' Claims do not Invoke §§ 85 and 86.......................11

        2.    This Court has Already Decided the Issue ...........................13

    D.    The Court also Lacks Subject Matter Jurisdiction and Should Remand the Case Because the Movant Banks did not Make, Discount or Renew any of the Mortgage Loans at Issue. Hence, the NBA does not Apply.................................................................................15

    E.    The Court also Lacks Subject Matter Jurisdiction and Should Remand the Case Because even if they Applied, and they Don't, NBA §§ 24 (Seventh) and 371 do not Completely Preempt Plaintiffs' State Law Claims Under the SMLA .................................................17

    F.    Plaintiffs' State Law Claims Under the SMLA do not Otherwise "Arise" Under Federal Law.................................................21

    G.    The Court Should Require Defendants to Pay Plaintiffs for the Costs, Expenses and Attorneys' Fees Plaintiffs Incur as a Result of the Removal Pursuant to 28 U.S.C. § 1447(c)..............................22

**III.    CONCLUSION** .................................................................................................................**24**

Case 5:04-cv-06098-HFS   Document 70   Filed 10/07/04   Page 3 of 33

# TABLE OF AUTHORITIES

## CASES

Adkison v. FirstPlus Bank, et al., No. 00-622, slip op.
 (W.D. Mo., Jan 22, 2001) ...................................................................................2, 9, 13, 14

Baker v. Century Financial Group, Inc., No. 04-0201 (W.D. Mo.)..................................................3

Bank of America v. City & County of San Francisco,
 309 F.3d 551 (9th Cir. 2002) .................................................................................18

Bank of America NA v. Sorrell, 248 F.Supp.2d 1196 (N.D. Ga. 2002)........................................18

Basile v. H & R Block, Inc., 897 F.Supp. 194 (E.D. Pa. 1995)....................................................16

Beneficial Nat'l Bank v. Anderson, No. 02-306, slip op. (U.S., June 2, 2003).................... passim

Calloway v. Union P.R. Co., 929 F.Supp. 1280 (E.D. Mo. 1996).................................................22

Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987)................................................................7, 8, 9

Cross-Country Bank v. Klussman,
 2004 WL 966289 at * 5 (N.D. Cal., Apr. 30, 2004) ...................................................11

Couch v. White Motor Co., 290 F.Supp. 697 (W.D. Mo. 1968) ....................................................6

Dannewitz v. Equicredit Corp. of America,
 No. 01 L 8188 (Cir. Ct. Ill., Jun. 29, 2004) ...............................................................17

Dead Kennedys v. Biafra, 46 F.Supp.2d 1028 (N.D. Cal. 1999).................................................23

Doe v. Norwest Bank Minnesota, N.A., 107 F.3d 1297 (8th Cir. 1997) .......................................11

Doss v. EPIC Healthcare Mgmt.,
 901 S.W.2d 216 (Mo. Ct. App. 1995).........................................................................5

Excell, Inc. v. Sterling Boiler and Mechanical, Inc.,
 106 F.3d 318 (10th Cir. 1997) ..................................................................................22

FDIC v. Lattimore Land Corp., 656 F.2d 139 (5th Cir. 1981) .....................................................16

First Nat'l Bank of Aberdeen v. Aberdeen Nat'l Bank,
 627 F.2d 843 (8th Cir. 1980) .....................................................................................8

First Nat'l Bank v. Nowlin, 509 F.2d 872 (8th Cir. 1975) ...........................................................12

Franchise Tax Db. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,
    463 U.S. 1 (1983).........................................................................7, 19, 22

Garbie v. Diamer Chrysler Corp., 211 F.3d 407 (7th Cir. 2000)...................................23

Garrison v. First Federal Savings & Loan Ass'n of South Carolina,
    402 S.E.2d 25 (Va. 1991)..........................................................................16

Gilmor v. Preferred Credit Corp., No. 04-0255 (W.D. Mo.)............................................3

Glasser v. Amalgamated Workers Union Local 88,
    806 F.2d 1539 (11th Cir. 1986)....................................................................13

Green v. Ameritrade, Inc., 279 F.3d 590 (8th Cir. 2002)...............................................6

Greenwood Trust Company v. Commonwealth of Massachusetts,
    971 S.2d 818 (1st Cir. 1993)...................................................................10, 12

Hancock v. Bank of America, 272 F.Supp.2d 608 (W.D. Ky. 2003)................................... passim

Hill v. Chemical Bank, 799 F.Supp. 948 (D. Minn. 1992)...............................................12

Hudson v. Ace Cash Express, Inc.,
    2002 WL 1205060 (S.D. Ind., May 30, 2002)........................................................16

In re Business Men's Assurance Co. of America, 992 F.2d 181 (8th Cir. 1993)...........................6

Kenney v. Farmer Nat'l Bank, 938 F.Supp. 798 (M.D. Ala. 1996)....................................8, 12

Krispin v. May Dep't Store, Inc., 218 F.3d 919 (8th Cir. 2000)................................. passim

Lytle v. Lytle, 982 F.Supp. 671 (E.D. Mo. 1997)......................................................22

M. Nahas & Co. v. First Nat'l Bank of Hot Springs,
    930 F.3d 608 (8th Cir. 1991)................................................................. passim

Magee v. Exxon Corp., 135 F.3d 599 (8th Cir. 1998)...............................................7, 8, 9

McClellen v. Chipman, 164 U.S. 347 (1896)............................................................10

McKenzie v. Ocwen Federal Bank, 306 F.Supp.2d 543 (D. Md. 2004)..................................19, 22

McNutt v. General Motors Acceptance Corp.,
    298 U.S. 178 (1936)................................................................................6

Merrell Dow Pharmaceuticals, Inc. v. Thompson,

478 U.S. 804 (1986)..................................................................................19, 22

Nelson v. Associates Financial Services, Co.,
  79 F.Supp.2d 813 (W.D. Mich. 2000) ...............................................................8

Phipps v. Guaranty Nat'l Bank of Tallahassee,
  2002 WL 22149646 (W.D. Mo. Spt. 17, 2003) ..............................................2, 16

Schwartz v. Bann-Cor Mortgage,
  No. 01-980, slip op. (W.D. Mo. Oct. 22, 2001) ............................................ passim

Shamrock Oil and Gas Corp. v. Sheets, 313 U.S. 100 (1941) ................................6

Smiley v. Citibank (South Dakota), N.A., 517 U.S. 735 (1996) ...............................11

Smith v. Beneficial Nat'l Bank, 971 F.Supp. 513 (M.D. Ala. 1997)................12, 13, 15

Soley v. First Nat'l Bank of Commerce, 923 F.2d 406 (5th Cir. 1991) .......................13

St. Paul Bank for Cooperatives v. Ohman,
  402 N.W.2d 235 (Minn. Ct. App. 1987).........................................................16

Taylor v. Wells Fargo Home Mortgage, Inc.,
  2004 WL 856673 (E.D. La., Apr. 20, 2004 ....................................................16

The Fair v. Kohler Die Specialty Co., 228 U.S. 22 (1913)......................................8

Toledo Fair Housing Center v. Farmers Insurance Group of Companies,
  61 F.Supp.2d 681 (N.D. Ohio 1999).............................................................23

Township of Whitehall v. Allentown Auto Auction,
  966 F.Supp. 385 (E.D. Penn. 1997) .............................................................23

U.S. Life Title Ins. Co. v. Brents, 676 S.W.2d 839 (Mo. App. WD 1984) ...................3

Video Trax, Inc. v. NationsBank, NA,
  33 F.Supp.2d 1041 (S.D. Fla. 1998), aff'd, 205 F.3d 1358 (11th Cir.),
  cert. denied, 531 U.S. 822 (2000)............................................................10, 12

Watson v. First Union Nat'l Bank of South Carolina,
  837 F.Supp. 146 (D.S.C. 1993).................................................................12

Wells Fargo Bank of Texas NA v. James,
  321 F.3d 488 (5th Cir. 2003) ....................................................................18

Willy v. Coastal Corp., 855 F.2d 1160 (5th Cir. 1988) ...........................................7

v

## STATUTES, RULES, ETC.

Alabama Code § 8-8-1, et seq..................................................................................14

§ 408.030 RSMo.............................................................................................2, 14

§§ 408.231 RSMo, et seq...................................................................................1, 3

§ 408.231.2 RSMo................................................................................................3

§ 408.232.1 RSMo................................................................................................5

 408.232.4 RSMo..................................................................................................3

§ 408.233.1 RSMo........................................................................................ passim

§ 408.236 RSMo..................................................................................................21

§ 408.551 - .560 RSMo.........................................................................................4

§ 408.562 RSMo.........................................................................................1, 4, 21

12 U.S.C. § 24(Seventh) ............................................................................. passim

12 U.S.C. § 85............................................................................................. passim

12 U.S.C. § 86............................................................................................. passim

12 U.S.C. § 371........................................................................................... passim

12 U.S.C. § 1730g...............................................................................................16

12 U.S.C. 1831(d) .........................................................................................2, 6, 9

28 U.S.C. § 1446(a) .............................................................................................6

28 U.S.C. § 1447(c) ....................................................................................6, 22, 24

15 U.S.C. § 1641(d) .........................................................................................5, 21

42 U.S.C. § 2014(hh) ...........................................................................................8

12 C.F.R. § 34.4(a)...............................................................................17, 18, 19, 20

12 C.F.R. § 7.4001(a)...........................................................................................11

Case 5:04-cv-06098-HFS   Document 70   Filed 10/07/04   Page 7 of 33

12 C.F.R. § 7.4002 ...............................................................................................................17, 18, 19

OCC News Release 2004-20 ...............................................................................................................2

## I.     INTRODUCTION

This class action lawsuit does not arise under federal law.  The "complaint" in this case pleads only state law claims based on the violation of Missouri law, specifically § 408.233.1 of the Missouri Second Mortgage Loans Act, §§ 408.231 RSMo, et seq. (the "SMLA").  The state law claims that Plaintiffs have plead under the SMLA are indisputably viable state law claims. See §§ 408.233.1, 408.562 RSMo.  Plaintiffs' complaint in no way invokes (or seeks to "artfully" avoid) federal law.

The named Plaintiffs who filed this lawsuit are Missouri homeowners who were charged unlawful finder's fees in connection with a "second mortgage loan," secured by Missouri residential real estate.  (OP, ¶¶1, 63-71)[1]  Like each of the members of the putative plaintiff class they seek to represent, Plaintiffs obtained their second mortgage loans ostensibly from FirstPlus Bank ("FPB"), a now defunct California-based industrial loan company.  (OP, ¶¶1-4, 5-21, 23, 63-71, 82) Plaintiffs allege that FPB, individually and in concert with certain affiliated companies (collectively, "FPB"), violated the SMLA when FPB "made" each of the Missouri second mortgage loans at issue – not by charging Plaintiffs and the other Missouri homeowner-borrowers **excessive or unlawful interest** – but by charging finder's fees and certain other **non-interest** loan closing costs that § 408.233.1 RSMo expressly prohibited FPB from "charging, contracting for and/or receiving" in connection with such loans.  (OP, ¶¶5-21, 82-91; see Motion, Attachment 1, Ex.'s D-E)

Contrary to what Defendants argue in their Removal Notice, no federal banking law

---

[1] A copy of Plaintiffs' Original Petition ("OP") is on file with the Clerk's Office.  (Doc.#1, Attachment 1, Ex. A)  On September 15, 2004, Plaintiffs filed a First Amended Complaint (Doc. #43).  Because the differences between Plaintiff's Original Petition and the First Amended Complaint are immaterial to the removal issue, Plaintiffs refer the Court to the allegations of their original state court petition, which is the subject of the Notice of Removal.

supplants or replaces Plaintiffs' viable Missouri state law claims under the SMLA with a new, federal law cause of action. Neither § 521 of the "Depository Institutions Deregulation and Monetary Control Act" ("DIDA § 521") nor any component of the National Bank Act ("NBA") **"completely"** preempts Plaintiffs' state law claims. Plaintiffs' claims are **not** premised upon the assessment of excessive or unlawful "interest." Plaintiffs do not allege that they or any member of the proposed plaintiff class were charged or paid **interest** for their loans that was greater than what § 408.030, § 408.232.1, DIDA § 521 (12 U.S.C. § 1831d(a)), NBA § 85 (12 U.S.C. § 85), or any other state or federal interest rate law allowed. To the contrary, Plaintiffs expressly admit that the "interest" they were charged was in fact "lawful' under Missouri law, § 408.232.1. (OP, ¶¶2, 4)

Thus, Plaintiffs' claims do not arise from the assessment of excessive or unlawful interest (or any charges like credit card late payment fees deemed to be "interest" as a matter of federal law). Plaintiffs' claims instead are premised on their allegation that they and the members of the putative plaintiff class were charged and paid illegal "finder's fees" and other **non-interest** loan closing costs, in addition to the "interest" they were charged for their loans. (OP, ¶¶65 & id., ¶¶5-21, 63-70) Neither DIDA § 521 nor the NBA completely preempts state law claims such as these. Adkison v. FirstPlus Bank, No. 00-0622, slip op. (W.D. Mo., Jan. 22, 2001) (neither DIDA nor NBA completely preempt state law claims based on the violation of the SMLA, § 408.233.1).[2] This is true even though Plaintiffs seek to hold certain national banks liable for the

---

[2] See Motion, Attachment 1, Ex. A. But see Phipps v. Guaranty Nat'l Bank of Tallahassee, 2002 WL 22149646 (W.D. Mo. Sept. 17, 2003). Phipps is currently on appeal before the Eighth Circuit Court of Appeals. However, on July 8, 2004 the Eighth Circuit stayed the appeal after the Office of Comptroller of Currency ("OCC") closed Guaranty National Bank ("GNBT") and appointed the FDIC as receiver. "The OCC acted after finding substantial violations of [consumer] law[s in the GNBT "lending" program] and a substantial dissipation of assets and earnings due to ["poor management" and] unsafe and unsound practices." (See OCC News Release 2004-20).

"tainted" FPB loans they acquired by means of assignment. <u>Schwartz v. Bann-Cor Mortgage</u>, No. 03-0922, slip op. (W.D. Mo., June 14, 2004) (NBA does not preempt SMLA claims filed against national bank assignees, which do not make, but merely acquire the second mortgage loans from the lender "as is").[3]

A. **The Missouri Second Mortgage Loans Act Regulates both the "Interest" and "Non-Interest" Charges that can be "Charged, Contracted for or Received" in Connection with a Residential Second Mortgage Loan**

This case involves the Missouri Second Mortgage Loans Act, §§ 408.231 RSMo et seq. ("SMLA"). The SMLA is a comprehensive consumer protection measure, enacted to protect Missouri homeowner-borrowers by regulating "the business of making <u>high-interest</u> second mortgage loans on residential real estate." <u>U.S. Life Title Ins. Co. v. Brents</u>, 676 S.W.2d 839, 841 (Mo. Ct. App. WD 1984). The SMLA protects the ever-increasing number of Missouri homeowner-borrowers who take out second mortgage loans against their homes for purposes of debt consolidation, home improvement, and other consumer purposes, and for which residential lenders are permitted to charge a "high" or "exceptional" rate of interest in return. § 408.232.4 RSMo.

The SMLA applies to second mortgage loans secured by Missouri residential real estate and regulates, among other things, both the rate of interest and the non-interest charges that can be charged and assessed in connection with such loans. The permissible rate of interest a second mortgage lender can charge a Missouri borrower under the SMLA is prescribed by § 408.232.1 RSMo and is but only <u>one</u> component of the state regulatory scheme. There are numerous other non-interest components, including restrictions regarding acceleration, default and foreclosure,

---

[3] See Motion, Attachment 1, Ex. B. The same issue is pending before (but has not yet been decided by) the Court in <u>Baker v. Century Financial Group, Inc.</u>, No. 04-0201 (W.D. Mo.) and <u>Gilmor v. Preferred Credit Corp.</u>, No. 04-0255 (W.D.Mo.)

§§ 408.551-.560 RSMo, and a general prohibition against excessive and unenumerated loan closing costs and "loan origination" fees. § 408.233.1 RSMo. The SMLA, alone and together with § 408.562 RSMo, affords relief through a private right of action to borrowers who, like Plaintiffs and the members of the putative plaintiff class, are aggrieved by a violation § 408.233.1 RSMo.[4]

The wording of § 408.233.1 has not changed materially since it was originally enacted 1979. In pertinent part, § 408.233.1 provides:

**408.233. Additional charges authorized**.

1. <u>No charge</u> other than that permitted by section 408.232 [i.e., interest] shall be <u>directly or indirectly charged, contracted for or received</u> in connection with any second mortgage loan, <u>except</u> …

* * *

(3) Bona Fide closing costs <u>paid to third parties</u>, which shall include:

(a) Fees or premiums for title examination, title insurance, or similar purposes including survey;

(b) Fees for preparation of a deed, settlement statement, or other documents;

(c) Fees for notarizing deeds and other documents;

(d) Appraisal fees; and

(e) Fees for credit reports;…

(5) A nonrefundable origination fee not to exceed five [formerly two] percent of the principal.

§ 408.233.1 RSMo 2000 (emphasis added). The SMLA makes clear that such "additional charges"

---

[4]Section 408.562 provides: "In addition to any other remedies or penalties provided for by law, any person who suffers any loss of money or property as a result of any act, method or practice in violation of the provisions of sections 408.100 to 408.561 may bring an action in the circuit court of the county in which any of the defendants reside, in which the plaintiff resides, or in which the transaction complained of occurred to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing party in such action attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary and proper."

are not "interest." § 408.231.2 RSMo 2000 (defining "principal" of a second mortgage loan as the "total of the net amount paid to, received by, contracted for, or paid or payable for the account of the borrower, <u>and to the extent payment is deferred [as was the case here] additional charges permitted by section 408.233</u>").

      **B.**      **Plaintiffs Allege that FPB "Made" Each of the Second Mortgage Loans at Issue and Violated § 408.233.1 of the SMLA by Assessing "Non-Interest" Charges. Neither US Bank NA, nor US Bank NA ND, nor any Other National Bank Made any of the Second Mortgage Loans.**

Plaintiffs allege that FPB (and its affiliates) made all of the second mortgage loans at issue in this case in violation of § 408.233.1. Plaintiffs do not allege that US Bank NA, or US Bank NA ND, or any other federally-insured or national bank "made" any of the loans or otherwise extended credit. Plaintiffs instead allege that US Bank NA and US Bank NA ND and a number of other "investor" defendants merely acquired and held the "tainted" loans that FPB made as "assignees" after they were made. (OP, ¶¶3-21, 23, 24-62) Plaintiffs allege that US Bank NA, US Bank NA ND, and all the other "Assignee Defendants" that acquired the unlawful loans from FPB, or an intervening assignee, are derivatively and/or jointly and severally liable to Plaintiffs and the putative plaintiff class for the wrongful acts of FPB. Such "assignee liability" arises pursuant to what is known as the "HOEPA" rule of liability, 15 U.S.C. § 1641(d), and under principles of state law. <u>Doss v. EPIC Healthcare Mgmt.</u>, 901 S.W.2d 216, 222 (Mo. Ct. App. 1995). "[These] general rules of assignee liability provide that the assignee defendants can be derivatively liable to plaintiffs." <u>Schwartz v. Bann-Cor Mortgage</u>, No. 03-0922, slip op. at 4 (W.D. Mo., June 14, 2004).[5]

---

[5] Motion, Attachment 1, Ex. B.

## II.    ARGUMENT AND LEGAL AUTHORITIES

US Bank NA and US Bank NA ND (collectively the "Movant Banks") urge the Court to find on the basis of Plaintiffs' state court petition that the federal courts have original jurisdiction of this case pursuant to 28 U.S.C. § 1331. The "federal questions" on which the Movant Banks rely are (1) DIDA § 521 (12 U.S.C. § 1831d(a)) (Notice, ¶6, 16-20); (2) the NBA §§ 85 and 86 (12 U.S.C. §§ 85 and 86) (Notice, ¶¶ 4-5, 11-13) and (3) NBA §§ 24(Seventh) and 371 (12 U.S.C. §§ 24(Seventh) and 371) (Notice, ¶¶4-5, 14-15).  Since the allegations of Plaintiffs' complaint irrefutably establish that Plaintiffs are not alleging that the interest amount charged for the loans was unlawful under any state or federal law, and since this very Court has previously held that neither DIDA § 521 nor the NBA completely preempts state law claims substantially the same as those at issue here, the Court should remand the case and award Plaintiffs costs and fees pursuant to 28 U.S.C. § 1447(c).

### A.    Defendants' Burden on Removal

To properly remove a case from state to federal court, a defendant must file a petition for removal "containing a short and plain statement of the grounds for removal ..."  28 U.S.C. § 1446(a).  The burden is on the defendant (as the party invoking the jurisdiction of the district court) to establish subject matter jurisdiction.  McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Green v. Ameritrade, Inc., 279 F.3d 509, 596 (8th Cir. 2002); In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993).  The statutes providing for removal are strictly construed against removal and the court must resolve all doubt about federal jurisdiction in favor of state court jurisdiction.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941); In re Bus. Men's Assurance, 992 F.2d at 183; Couch v. White Motor Co., 290 F.Supp. 697, 699 (W.D. Mo. 1968).  The Court must accept as true all relevant allegations

contained in the complaint and construe all disputed questions and facts and any ambiguities in controlling state law in favor of the plaintiff.  See Willy v. Coastal Corp., 855 F.2d 1160, 1163-64 (5th Cir.1988).

### B.    Removal and Federal Question Jurisdiction

Removal based on "federal question" jurisdiction is governed by the "well-pleaded complaint" rule.  The well-pleaded complaint rule provides that a case may be removed to federal court only if the plaintiff's properly pleaded complaint reveals that the plaintiff's claim "arises under federal law." Anderson, 539 U.S. at 6; Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Krispin v. May Dep't. Stores, Inc., 218 F.3d 919, 922 (8th Cir. 2000).  To determine whether a claim "arises under federal law," a court examines the allegations of the complaint and ignores potential defenses: "[A] suit arises under [federal law] only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]."  Anderson, 539 U.S. at 6.  It is not enough that the complaint alleges facts that trigger a defense under federal law, even the defense of federal preemption. Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9-10 (1983).  "Congress has long since decided that federal defenses do not provide a basis for removal."  Caterpillar, 482 U.S. at 399; Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998) ("Federal-question jurisdiction is not created by a federal defense, including the defense of preemption, even if the defense is the only contested issue in the case").

Accordingly, under the well-pleaded complaint rule, a plaintiff can elect to keep his case in state court by filing only state law claims.  The plaintiff, of course, runs the risk that those state law claims will be dismissed if in fact they are preempted by federal law.  The decision, however, is the plaintiff's to make.  The plaintiff "is master to decide what law he will rely

7

upon," <u>The Fair v. Kohler Die Specialty Co.</u>, 228 U.S. 22, 25 (1913), and thus has the prerogative to rely on state law alone, even though both state and federal law may give him a cause of action. <u>Caterpillar</u>, 482 U.S. at 392 (a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law"); <u>First Nat'l Bank of Aberdeen v. Aberdeen Nat'l Bank</u>, 627 F.2d 843, 850 (8th Cir. 1980) ("party who brings a suit is master to decide whether his claim … [arises under federal law]"); <u>Nelson v. Associates Financial Services, Co.</u>, 79 F.Supp.2d 813, 816 (W.D. Mich. 2000) ("'Removal and preemption are two distinct concepts,' and the fact that plaintiffs' claim might ultimately prove to be preempted does not establish that it is removable to federal court"); <u>Kenney v. Farmers Nat'l Bank</u>, 938 F.Supp. 789, 791 (M.D. Ala. 1996) ("[t]he fact that plaintiff has elected to pursue his claim under state law alone does not justify removal even if the plaintiff also has an unpursued claim under federal law.")

A narrow exception and corollary to the well-pleaded complaint rule is the "complete preemption" doctrine. <u>Anderson</u>, 539 U.S. at 8; <u>Krispin</u>, 218 F.3d at 922; <u>Magee</u>, 135 F.3d at 601. Under this doctrine, a defendant may remove a case to federal court even though the plaintiff only raises state-law claims in the complaint. Such complete preemption occurs only when Congress expressly so provides, e.g., 42 U.S.C. § 2014(hh), or when the preemptive force of a federal statute is so "extraordinary" that it wholly displaces a preempted state law cause of action and "converts" the preempted state law claim into a claim "arising under federal law." <u>Anderson</u>, 539 U.S. at 8.

Although often confused, the complete preemption doctrine is different from the defense of ordinary preemption. <u>See</u> <u>Magee</u>, 135 F.3d at 602-03. Ordinary preemption is a <u>defense</u> that may be raised in <u>either</u> state or federal court. As a defense, ordinary preemption does not appear in the plaintiff's well-pleaded complaint, and thus does not give the defendant the ability to

remove a case to federal court. <u>Caterpillar</u>, 482 U.S. at 393.  In contrast, the complete preemption doctrine gives a defendant the ability to remove a case to federal court since the doctrine converts an otherwise preempted state law claim into an action that arises under federal law. <u>Anderson</u>, 539 U.S. at 11-13 (Scalia, J., dissenting).  This Court recognized the distinction in <u>Adkison</u>.  Ex. A at 4-9.  "The complete preemption doctrine applies only when a federal statute possesses 'extraordinary preemptive power,' a conclusion courts reach reluctantly."  <u>Magee</u>, 135 F.3d at 601.

> ### C.     The Court Lacks Subject Matter Jurisdiction and Should Remand the Case Because DIDA § 521 does not Completely Preempt Plaintiffs' State Law Claims for Unlawful "Finder's Fees" and Other "Non-Interest" Charges

The Movant Banks argue that Plaintiffs' claims are completely preempted by DIDA § 521 since FPB, a federally-insured, state-charted depository institution, made all of the loans at issue.  (Notice ¶¶6, 16-20)  DIDA § 521 in part provides:

> (a)    Interest rates
>
> **In order to prevent discrimination** against State-chartered insured depository institutions, including insured savings banks, or insured branches of foreign banks **with respect to interest rates, if the applicable rate** prescribed in this subsection **exceeds the rate** such State bank or insured branch of foreign bank would be permitted to charge in the absence of this subsection, such State bank or such insured branch of a foreign bank may, **notwithstanding any State constitution or statute which is hereby preempted for the purposes of this section**, take, receive, reserved, and charge on any loan or discount made, or upon any note, bill of exchange, or other evidence of debt, **interest at a rate** of not more than 1 percent in excess of the discount rate on ninety-day commercial paper in effect at the Federal Reserve bank in the Federal Reserve district where such State bank or such insured branch of a foreign bank is located or at the rate allowed by the laws of the State, territory, or district where the bank is located, whichever may be greater.

12 U.S.C. § 1831d(a) (emphasis added).

The language of DIDA § 521 is clear and conclusively establishes that preemption under

the statute is limited to "interest" only. All other regulatory aspects of state law, including "non-interest" regulatory limitations like those found in the SMLA, § 408.233.1, remain in tact. See Greenwood Trust Company v. Commonwealth of Massachusetts, 971 F.2d 818, 827 (1st Cir. 1992) (state statute prohibiting credit card late fee was preempted as regulation of "interest"); Video Trax, Inc. v. NationsBank, NA, 33 F.Supp.2d 1041, 1048 (S.D. Fla. 1998) (bank overdraft fee was not "interest," and thus, usury provisions of NBA did not apply), aff'd, 205 F.3d 1358 (11th Cir.), cert. denied, 531 U.S. 822 (2000). Such an interpretation of DIDA § 521 is consistent with the rule that preemption of state law is the exception and not the rule, and that state regulation like the SMLA, § 408.233.1, which falls squarely within a state's historic police powers, will not lightly be displaced by DIDA § 521 or any other federal enactment. See id.

This is particularly true of bank or finance regulations, like the SMLA. "Except for a few instances in which Congress has explicitly preempted state regulation … regulation of banking has been one of dual control." Video Trax, 33 F.Supp.2d at 1048. "Banking is not an area in which Congress has evidenced an intent to occupy the entire field to the exclusion of the states, and thus, state legislatures may legislate in all areas not expressly or impliedly preempted by federal legislation. (citations omitted). In fact, federal courts have recognized that 'national banks' have traditionally been governed in their daily course of business far more by the laws of the State than of the Nation….' Id. "Thus the rule is that state laws apply, 'the exception being the cessation of the operation of such laws whenever they expressly conflict with the laws of the United States or frustrate the purpose for which the national banks were created, or impair their efficiency to discharge [their] duties….'" Id. (quoting McClellen v. Chipman, 164 U.S. 347, 357 (1896)). Since DIDA § 521 is by its own express language limited solely to "interest rates," the preemptive effect of the federal enactment must be limited to that aspect of any contrary state

regulation.

Consequently, the inquiry for any DIDA § 521 analysis, and the very inquiry that the Movant Banks have deliberately ignored in their removal notice, is whether § 408.233.1, the Missouri statute on which Plaintiffs' claims are predicated, seeks to regulate "interest," and is therefore preempted by DIDA § 521, or charges other than "interest," and is therefore left alone. The inquiry is critical since Plaintiffs have alleged, and for purposes of the removal the Court must accept as true, that the charges on which Plaintiffs' SMLA claims are based were in fact "finder's fees" and other "non-interest" charges expressly excluded from the definition of "interest."

### 1. Plaintiffs' Claims do not Invoke DIDA § 521

Because the preemptive reach of DIDA § 521 is limited to "interest" charges only, DIDA § 521 does not cover finder's fees and other third-party loan related expenses like those on which Plaintiffs base their claims. Such expenses, by definition, are something other than "interest" and are beyond the preemptive reach of DIDA § 521. See 12 C.F.R. § 7.4001(a) (defining "interest" for purposes of DIDA § 521 and NBA § 85 and expressly excluding "appraisal fees" and "finders' fees for document preparation or notarization, or fees incurred to obtain credit reports" from the definition); Smiley v. Citibank (South Dakota), N.A., 517 U.S. 735, 740-42 (1996) (accepting definition of "interest" in § 7.4001(a) and stating that finders' fees, fees for document preparation, or fees incurred to obtain credit reports are not deemed to be "interest"); Doe v. Norwest Bank Minnesota, N.A., 107 F.3d 1297, 1302 (8th Cir. 1997) (adopting definition of "interest" in § 7.4001(a) as excluding insurance premiums charged in connection with a loan by a national bank); Cross-Country Bank v. Klussman, 2004 WL 966289 at * 5 (N.D. Cal., Apr. 30, 2004) (DIDA § 521 did not completely preempt plaintiffs' state law claims, where claims

"are not in fact usury claims");[6] <u>Kenny v. Farmer Nat'l Bank</u>, 938 F.Supp. 789, 792-93 (M.D. Ala. 1996) (NBA § 85 did not completely preempt state law claims based on "non-interest" charges); <u>Video Trax</u>, 33 F.Supp.2d 1041, 1048 (bank overdraft fee was not "interest" for purposes of state usury law); <u>Smith v. Beneficial Nat'l Bank</u>, 971 F.Supp. 513, 517 (M.D. Ala. 1997) (reconciling varied judicial opinions that have addressed issue of complete preemption under the §§ 85 and 86 of the NBA and concluding that "[w]ithout a showing that [the] … charge is covered by … the NBA's definition of interest, the NBA has no impact on [the] action"). As a result, Plaintiffs' state law claims for **non-interest** charges cannot be removed to federal court. DIDA § 521 simply does not apply.

The Movant Banks cite to a number of cases that deal with allegations of usurious interest. The Movant Banks purposefully miss the mark. Plaintiffs are not alleging that the actual interest rates they were charged were "usurious" and violated a state interest rate law, as was the case in <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1 (2003), <u>M. Nahas & Co. v. First Nat'l Bank of Hot Springs</u>, 930 F.2d 608 (8th Cir. 1991) and <u>First Nat'l Bank v. Nowlin</u>, 509 F.2d 872 (8th Cir. 1975). Nor do Plaintiffs allege that they were charged any credit card late or "overlimit" fees, or some other charge deemed to be as "interest" as a matter of federal law, as was the situation in <u>Krispin</u>, 218 F.3d 919, <u>Greenwood Trust</u>, 971 F.2d 818, <u>Watson v. First Union Nat'l Bank</u>, 837 F.Supp. 146 (D.S.C. 1993), and <u>Hill v. Chemical Bank</u>, 799 F.Supp. 948 (D. Minn. 1992). The cases on which the Movant Banks rely are inapposite. <u>Kenney</u>, 938 F.Supp. at 793 (cases addressing preemption of state law claims for excessive "interest" are distinguishable from case involving question of whether NBA completely preempts state law claims challenging non-interest charges).

### 2. This Court has Already Decided the Issue

[6] See Motion, Attachment 1, Ex. C.

In Adkison v. FirstPlus Bank, No. 00-0622, slip op., the Court expressly rejected the assertion that "the plaintiffs' claims under [the SMLA] comprise usury claims that are completely preempted by the DIDA § 521 or the NBA. (Attachment 1, Ex. A at 4-9) In reaching this conclusion, the Court expressly considered and distinguished the opinion in Nahas from the case before him:

> In Nahas the Eighth Circuit held that where claims, without dispute, involve an issue of interest and claim of usury, those state claims will be completely preempted by the federal remedy. Nahas, 930 F.2d at 611. That is not the situation here.

Id. at 7 (emphasis in original). Nor is it the situation in this case.

Here, Plaintiffs base their SMLA claims on "finder's fees" and other non-interest loan closing costs that they and the members of the putative plaintiff class were impermissibly charged. As the Court held in Adkison:

> "[I]t cannot be plainly established that these claims entail an issue of interest or usury. Finders' fees are explicitly excluded and excessive closing costs are not enumerated. As a "nonenumerated subject" such as fees are generally rejected by courts as candidates for complete preemption. See generally Smith [v. Beneficial Nat'l Bank], 971 F.Supp. 513. In addition, because such fees are not included in the relevant definition of interest, it cannot be said that their coverage is "without dispute," and that plaintiffs' state claims are preempted by the NBA. See Nahas, 930 F.2d at 611.

> This conclusion does not preclude a subsequent state court finding of preemption. Indeed it is apparent that an issue exists as to whether plaintiffs' claim under the [SMLA] might be preempted by the NBA. However, the mere existence of an issue surrounding preemption is not sufficient to justify removal. What the Court now rules is only that the complete preemption doctrine does not support federal question jurisdiction in this instance and that defendants' preemption argument amounts to a defense which cannot trump the well-pleaded complaint rule. See Glasser v. Amalgamated Workers Union Local 88, 806 F.2d 1539, 1540 (11th Cir. 1986) (per curiam; Soley v. First Nat'l Bank of Commerce, 923 F.2d 406, 408, 09 (5th Cir. 1991).

(Ex. A at 9) (emphasis added). The result in this case should be the same. Notably, FPB was also the "lender" in Adkison.

The Movant Banks will undoubtedly argue that the Supreme Court's recent decision in Anderson compels a different result, and supports a finding that DIDA § 521 (or NBA §§ 85 and 86) completely preempt Plaintiffs' SMLA claims. The Court should reject this argument. The plaintiff in Anderson (just like the claimants in Nahas and Krispin) filed a state-court suit specifically "to recover damages from a national bank for allegedly charging excessive interest in violation of [state usury laws]." 539 U.S. at 3 (emphasis added). The Supreme Court held that such a state law usury claim may be removed to federal court under the complete preemption doctrine. Id. Just as in Krispin and Nahas, the fact that plaintiff in Anderson was making a "usury" claim was a given:

> Count IV of respondents' complaint sought relief for "usury violation" and claimed that petitioners "charged … excessive interest in violation of the common law usury doctrine" and violated "Alabama Code. § 8-8-1, et seq. by charging excessive interest." App. 28. Respondents' complaint thus expressly charged petitioners with usury.

Id. at 9 (emphasis added).

The opinions in Anderson, Nahas and Krispin are all clearly distinguishable. In all three cases, the fact that plaintiff was making a "usury claim" was a given. This case, like Adkison before it, is different. Here, Plaintiffs make no claim that their residential second mortgage loans violate § 408.030 RSMo, 408.232.1 RSMo, DIDA § 521, NBA § 85, or any other state or federal interest rate law. Rather, the violations at issue are based on illegal mortgage "finder's fees" and other **non-interest** charges (e.g. "underwriting," "application," "review" and "processing" fees) assessed in violation of § 408.233.1. Unlike cases involving claims for unlawful interest, cases with claims based on **non-interest** charges are not completely preempted. Klussman, 2004 WL 966289 at * 5 ("[t]he Court finds that Plaintiff's claims are not in fact usury claims, that is claims challenging the 'rate of interest' charged by an FDIC-insured state bank within the meaning of

[DIDA §] 521"); Hancock v. Bank of America, 272 F.Supp.2d 608, 610 (W.D. Ky. 2003) ("Sections 85 and 86 [of the NBA] do not apply to the ... non-interest service fee, which is in question here"); Smith, 971 F.Supp. at 516-19 ("[w]ithout a showing that [the] ... charge is covered by ... the NBA's definition of interest, the NBA has no impact on this action"). The Court should reject the Movant Banks' argument that DIDA § 521 completely preempts Plaintiffs' state law claims.

> **D.** **The Court also Lacks Subject Matter Jurisdiction and Should Remand the Case Because the Movant Banks did not Make, Discount or Renew any of the Mortgage Loans at Issue. Hence, the NBA does not Apply.**

The Movant Banks also argue that Plaintiffs' claims are completely preempted by NBA §§ 85 and 86 because the Movant Banks are "national" banks. Essentially, the Movant Banks are urging the Court to hold that a national bank is no longer subject to state law. Obviously, the Court should reject this argument too.

The Movant Banks do not contend that they "made" any of the real estate loans at issue in this case. Nor do the Movant Banks contend that they "discounted" the loans, or that they purchased and then renewed or in any way "extended credit" to Plaintiffs or the putative plaintiff class. To the contrary, the Movant Banks candidly admit that FPB actually originated all of the closed-end loans at issue, and that FPB then sold the loans to others, including the Movant Banks, which simply "held" the loans as assignees. (Notice, ¶11) The fact that the Movant Banks, as national banks, acquired and "held" as assignees what appear to be several of the second mortgage loans that FPB made does not convert Plaintiffs' state law SMLA claims into federal law claims under the NBA. The character of Plaintiffs' claims under the SMLA is not altered by the fact that the Movant Banks acquired and "held" some of the "tainted" FPB loans. If the Court concluded otherwise, it would be holding that the Movant Banks could "launder" an

Case 5:04-cv-06098-HFS   Document 70   Filed 10/07/04   Page 23 of 33

illegal loan simply by acquiring it.

Plaintiffs' claims under the SMLA, § 408.233.1, cannot be held to be federal law usury claims under NBA §§ 85 and 86. NBA §§ 85 and 86, by their express terms, only apply to transactions in which a national bank "makes" a loan or discount, or otherwise extends credit to a customer. See, e.g., 12 U.S.C. §§ 85, 86; Anderson, supra, 539 U.S. at 8 (NBA §85 "sets forth substantive limits on the rates of interest that national banks may charge"); FDIC v. Lattimore Land Corp., 656 F.2d 139, 147 (5th Cir. 1981) (NBA does not apply to a mortgage which originated with a local lender and was transferred to national bank); cf. Krispin, 218 F.3d at 923-24 (national bank assumed and renewed credit card loans); Garrison v. First Federal Savings & Loan Ass'n of South Carolina, 402 S.E.2d 25, 30-31 (Va. 1991) (12 U.S.C. § 1730g, relating to interest charged by savings and loans, and which mirrors NBA § 85, does not apply to loan within a large pool that was taken by assignment by federally-chartered savings and loan); St. Paul Bank for Cooperatives v. Ohman, 402 N.W.2d 235, 239 (Minn. Ct. App. 1987) (interest preemption under 12 U.S.C. § 2205, relating to loans made by institutions within the Farm Credit System, does not apply to assigned contract). This is why the Movant Banks are unable to remove this case on the grounds that it states a federal question under NBA §§ 85 and 86. This is also why Phipps v. Guaranty Nat'l Bank, supra, Krispin, supra, Taylor v. Wells Fargo Home Mortgage, Inc., 2004 WL856673 (E.D. La., Apr. 20, 2004), Hudson v. Ace Cash Express, Inc., 2002 WL 1205060 (S.D.Ind., May 30 2002) (settled on appeal), and Basile v. H&R Block, Inc., 897 F.Supp. 194 (E.D. Pa. 1995) are all distinguishable. Unlike the national banks involved in those cases, the national banks here did not "make" the "loans" or otherwise "extend any credit" to a customer. NBA §§ 85 and 86 do not apply.[7]

_____

[7] The decision of the Louisiana court in Taylor was based on its conclusion that the plaintiffs had stated a claim for unlawful "interest" charges against the operating subsidiary of a national bank, which made the

**E.** **The Court also Lacks Subject Matter Jurisdiction and Should Remand the Case Because even if they Applied, and they Don't, NBA §§ 24(Seventh) and 371 do not Completely Preempt Plaintiffs' State Law Claims Under the SMLA.**

Recognizing the problems with arguing that the finder's fees and other closing costs on which Plaintiffs' base their claims are really "interest," the Movant Banks also submit that, even if the Court agrees with Plaintiffs and concludes that the closing costs and fees on which Plaintiffs base their claims are or might be "non-interest" charges, such non-interest charges are nevertheless completely preempted by NBA §§ 24(Seventh) and/or § 371. The Court should reject this argument too. There is absolutely no indication that Congress or the OCC intended to preempt such non-interest charges, or to otherwise completely exempt national banks from state regulation.

The recent decision in <u>Hancock v. Bank of America</u>, 272 F.Supp.2d 608 (W.D. Ky. 2003) is particularly persuasive and on point. In <u>Hancock</u>, the court held that NBA § 24(Seventh), alone or together with regulation 12 C.F.R. § 7.4002, did not completely preempt a borrower's state law claims for the assessment of unlawful non-interest charges since the statute and/or regulation did not create any federal law remedy, exclusive or otherwise. <u>Id</u>. at 611-612. As the

---

loan. <u>Id</u>. at *3 ("the [NBA] provides the exclusive cause asserting improper overcharges, including the improper assessment of interest and interest-related fees and charges"). The court did not address whether claims based on the <u>assignment</u> of a loan made by a "non-national bank" would be similarly preempted.

  The Movant Banks also rely on an order from an Illinois trial court in <u>Dannewitz v. Equicredit Corp. of America</u>. In <u>Dannewitz</u>, the Illinois court found that there is "nothing in the NBA which either expressly or impliedly distinguishes between loans generated by a national bank and those acquired from other institutions." Such a reading of the NBA is simply wrong. The explicit language of the NBA, as well as its related regulations, makes this point crystal clear. The NBA applies only to those real estate loans that a national bank actually **"makes."** NBA §§ 85 and 86 do not apply in a case such as this, where the mortgage loans giving rise to the state law claims that the plaintiffs are asserting were admittedly made by a **non-national bank**. <u>See</u> 12 U.S.C. § 85; <u>Lattimore Land</u>, 656 F.2d at 147 (NBA §§ 85 and 86 do not apply to mortgage loan **transferred** to a national bank since loan originated with a local, non-national bank); <u>Schwartz</u>, slip op. at 4 ("NBA §§ 85 and 86 do not apply because defendants did make or originate the loans"); 12 C.F.R. § 34.4(a).

court in Hancock held:

> 12 C.F.R. § 7.4002(a) promulgated under § 24(Seventh) authorizes national banks to collect "non-interest charges and fees" which reflect "sound business judgment and safe and sound banking principles," as defined in § 4002(b)(2). Section 24(Seventh) and regulation 7.4002(a) have been read together to preempt state claims challenging the imposition of ATM fees and check cashing fees. see, i.e., [Bank of America v.] City & County of San Francisco, [309 F.3d 551 (9th Cir. 2002);] Wells Fargo Bank of Texas NA v. James, 321 F.3d 488 (5th Cir.2003); Bank of America NA v. Sorrell, 248 F.Supp.2d 1196 (N.D. Ga.2002). However, we need not and do not decide whether state law claims concerning [the] fax fees [at issue] are preempted, **as we conclude that removal was improper, even assuming preemption of the claims**. As we lack jurisdiction, the action must be remanded.
>
> **Preemption, if it does exist, does not necessarily equate with removeability**. The Supreme Court found that complete preemption existed where Congress had created a federal remedy and effectively supplanted state law claims for usury against national banks. Anderson, --- U.S. at ----, 123 S.Ct. at 2064. The [Supreme] court then concluded that a claim for violation of usury laws against a national bank only arises under federal law, and therefore, such singularly federal claims were removable under § 1441. Id. The logic of the Supreme Court's analysis in Anderson, supra., does not extend to § 24(Seventh) as § 24 is nothing more than a broad enabling provision. It creates no remedy. Therefore, [it] is not the sort of extraordinary provision found to convert and eliminate a state law cause of action.

Id. (emphasis added).

The Movant Banks' alternative argument for complete preemption is substantially the same as that made and rejected by Judge Simpson in Hancock. The Movant Banks argue that the Court should read NBA § 24(Seventh) and § 371, and OCC regulation 12 C.F.R. § 34.4, to completely preempt Plaintiffs' state law claims for the unlawful assessment of non-interest fees. The court in Hancock rejected such an argument based on § 24(Seventh) and regulation 12 C.F.R. § 7.4002. This Court should similarly reject the argument of the Movant Banks, which is based on §§ 24(Seventh) and 371.

Like § 24(Seventh), § 371 of the NBA is "nothing more than a broad enabling provision." See Hancock, 272 F.Supp.2d at 612. "It creates no remedy." Id. "Therefore, [§ 371, like §

24(Seventh)] is not the sort of extraordinary provision found to convert and eliminate a state law cause of action." Id.; see Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 810 (1986) (when Congress has determined there should be no private, federal remedy for the violation of a federal statute, that "is tantamount to a congressional conclusion that the presence of a claimed violation of the statute … is insufficiently 'substantial' to confer federal-question jurisdiction"); cf. McKenzie v. Ocwen Federal Bank, 306 F.Supp.2d 543, 546 (D. Md. 2004) ("notwithstanding that HOLA may preempt the state laws on which Plaintiff relies, the HOLA provisions on which Defendant's complete preemption argument is based do not provide an exclusive cause of action").

Regulations 7.4002 and 34.4 do not change the result. See id. As with § 24(Seventh) and § 371, regulations 7.4002 and 34.4 do not create any remedy and "[are] not the sort of extraordinary provision[s] found to convert and eliminate a state law cause of action." See Hancock, 272 F.Supp.2d at 612. Although the Movant Banks will undoubtedly argue that NBA §§ 24(Seventh) 371, and/or regulations 7.4002 and 34.4 preempt Plaintiffs' state law claims, a point by the way that Movants will be hard-pressed to make since it did not even make the loans, this Court need not make that determination. Such an argument is one of ordinary, conflict preemption which does not support removal jurisdiction. Anderson, 123 S.Ct. at 2062; Franchise Tax Bd., 463 U.S. at 11; Hancock, 272 F.Supp.2d at 611-12. For this reason as well, the Court should remand the case.

Finally, it is clear that Plaintiff's claims under § 408.233.1 are not federal law claims under NBA §§ 24(Seventh) and/or 371. Notwithstanding the absence of any federal law cause of action for a violation of §§ 24(Seventh) or 371, see Hancock, 272 F.Supp.2d at 612; McKenzie, 306 F.Supp.2d at 546, Plaintiffs' claims under the SMLA for the unlawful assessment of non-

interest charges by FPB, a non-national bank whose non-interest charges were unquestionably subject to Missouri law, simply do not challenge a national bank's rights and powers under NBA §§ 24(Seventh) or 371. Plaintiffs are in no way claiming that FPB was prohibited from assigning any of the "tainted" loans it made to the Movant Banks, or that the assignment of one or more of the "tainted" loans to the Movant Banks or any other Defendant violated state or federal law. Consequently, neither NBA § 24(Seventh) (which provides that a national bank has "incidental powers" to "carry on the business of banking," including the power to buy a loan) nor § 371 (which authorizes a national bank to **"make"** real estate loans) applies to Plaintiffs' Missouri claims.

The recent regulations from the OCC on which the Movant Banks rely eliminates whatever doubts the Court may have in this regard. The regulations make clear that federal law and the regulations pertaining to the real estate loans a national bank make can only affect and arguably apply to real estate loans that a national bank actually **"makes."** 12 CFR § 34.4(a) ("Applicability of state law." "Except where made applicable by Federal law, state laws that obstruct, impair, or condition a national bank's ability to fully exercise its Federally authorized real estate **lending powers** do not apply to national banks ... [s]pecifically, a national bank **may make** real estate loans under 12 U.S.C. § 371 and [12 C.F.R.] § 34.3, without regard to state law limitations concerning [listing laws].") Thus, the Movant Banks' own authority shows that the NBA does not apply.

When it made the loans, FPB, violated § 408.233.1, a non-interest, consumer protection limitation provision in the SMLA, by charging Plaintiffs and the other members of the putative plaintiff class finder's fees and other non-interest closing costs that § 408.233.1 did not allow. Because of these state – not federal – law violations, Plaintiffs are entitled to recover the

unlawful closing costs that they were charged, as well as all the interest assessed in connection with their loans.  §§ 408.233.1, 408.236, 408.562 RSMo.  Plaintiffs are entitled to recover the closing costs and interest <u>not</u> because a national bank "charged" them an unlawful fee or rate of "interest" as arguably might be covered by the NBA, but because FPB charged Plaintiffs a number of **non-interest** closing costs in violation § 408.233.1.  (Id.)  The violation of § 408.233.1 gives rise to the state law claims and remedies that Plaintiffs seek to assert and enforce.  Plaintiffs are entitled to <u>affirmatively</u> assert and enforce these state law claims and remedies against the Movant Banks and all of the other derivatively liable assignees that acquired and held the tainted loans that FPB made.  The claims against the Movant Banks and their fellow assignees are not premised on the NBA and do not trigger the application of any provision of that enactment.  Plaintiffs' claims instead are based on principles of assignee liability.  <u>See</u>, <u>e.g.</u>, <u>Schwartz</u>, Ex. B at 4 ("[These] general rules of assignee liability provide that the assignee defendants can be derivatively liable to plaintiffs").[8]

### F. Plaintiffs' State Law Claims Under the SMLA do not Otherwise "Arise Under" Federal Law

Finally, the Movant Banks argue that federal law is a "necessary element of [Plaintiffs'] state law claims."  (Notice, ¶10) That simply is not true.  The complaint is predicated on Missouri state law and in no way presents a federal question sufficient to establish removal jurisdiction.  The Movant Bank's argument here is nothing more than an assertion that a federal banking law (be it DIDA § 521 or the NBA) preempts the state statute (§408.233.1 RSMo) on

---

[8] Notably, the Movant Banks do not assert that Plaintiffs' claims against them and the other assignees of the tainted loans "arise under" federal law because they are premised in part on 15 U.S.C. §1641(d), the "HOEPA" rule of assignee liability.  This is not surprising, though, since §1641(d) does not give rise to a new and separate cause of action.  The enactment instead makes the assignees of the unlawful loans derivatively liable for the state law claims that Plaintiffs can affirmatively assert against their "creditor."  <u>See</u> §15 U.S.C. §1641(d); <u>Schwartz v. Bann-Cor Mortgage</u>, No. 01-980, slip op. (W.D. Mo. Oct. 22, 2001).

which Plaintiffs base their claims. The "federal question" on which the Movant Banks rely (i.e., the applicability of NBA and/or DIDA § 521) does not arise from Plaintiffs' complaint, which singularly pleads a state law claim under the SMLA. The question instead arises from a defense of ordinary preemption that the Movant Banks apparently intend to raise in opposition to Plaintiffs' state law claims. The Movant Banks are arguing that the non-interest charges for the loans at issue are governed by federal law, not by §408.233.1 and Missouri law. Beyond a doubt, the Movant Banks' additional position does not support removal jurisdiction. See, e.g., Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986) ("[a] defense that raises a federal question is inadequate to confer federal jurisdiction"); Franchise Tax Bd., 463 U.S. at 11 ("a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby"); McKenzie, 306 F.Supp.2d at 546 (no substantial federal question).

G.     The Court Should Require Defendants to Pay Plaintiffs for the Costs, Expenses, and Attorneys' Fees Plaintiffs Incur as a Result of the Removal Pursuant to 28 U.S.C. § 1447(c)

"An order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The key to such an award is the propriety of a defendant's decision to remove. Lytle v. Lytle, 982 F.Supp. 671, 674 (E.D. Mo. 1997). Notably, the "statute does not require a finding that the state court action was removed in bad faith as a prerequisite to an award of attorney's fees and costs." Id.; Calloway v. Union P.R. Co., 929 F.Supp. 1280, 1283 (E.D. Mo. 1996) ("[a]n award of attorney fees on remand is discretionary and not dependent upon a finding of bad faith"); Excell, Inc. v. Sterling Boiler and Mechanical, Inc., 106 F.3d 318, 322 (10th Cir. 1997) ("[t]he district court does not have to find that the state court action has been removed in bad faith as a prerequisite to

awarding attorney fees and costs for purposes of § 85).

By no reasonable stretch can it be said that a federal question is created by DIDA § 521 or NBA §§ 85 and 86.  Neither the language of the statutes, nor the pertinent case law, nor Plaintiffs' complaint justifies such an argument.  Under circumstances such as these, the Court should award Plaintiffs their costs, expenses and fees.  <u>Cf</u>. <u>Schwartz v. Bann-Cor Mortgage</u>, No. 01-980, slip op. (W.D. Mo. Oct. 22, 2001) (granting plaintiffs' motion for costs and fees in a similar case);[9] <u>Garbie v. Diamer Chrysler Corp.</u>, 211 F.3d 407, 410 (7th Cir. 2000) (attorney's fees and costs awarded where action was unjustifiably removed in contravention of "settled law"); <u>Toledo Fair Housing Center v. Farmers Insurance Group of Companies</u>, 61 F.Supp.2d 681, 685 (N.D. Ohio 1999) (attorneys' fees and costs awarded because of a "lack of any colorable grounds supporting removal"); <u>Dead Kennedys v. Biafra</u>, 46 F.Supp.2d 1028, 1031 (N.D. Cal. 1999) ("review of the relevant authorities should have persuaded defendant that although preemption doctrine may be murky with respect to certain contract-related issues, … preemption with respect to a defense against those state claims is irrelevant to the determination of federal subject matter jurisdiction"); <u>Township of Whitehall v. Allentown Auto Auction</u>, 966 F.Supp. 385, 386 (E.D. Penn. 1997) (award of attorneys' fees and costs "is particularly appropriate where the lack of jurisdiction is plain in the law and would have been revealed to counsel for the Defendant with a minimum of research").

---

[9] See Attachment 1, Exhibit C.

### III. CONCLUSION

For the foregoing reasons, the Court should remand this case to the Circuit Court of Platte County, Missouri on the grounds that the Court lacks subject matter jurisdiction over Plaintiffs' state law claims for unlawful non-interest charges.  In addition, and in light of the settled and substantial authority addressing the issue, the Court should award Plaintiffs their costs and expenses, including attorney's fees, incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c).

Dated: October 7, 2004

Respectfully Submitted,

WALTERS BENDER STROHBEHN
&. VAUGHAN, P.C.


By ___/s/ Kip D. Richards_____
J. Michael Vaughan - Mo. Bar 24989
Kip D. Richards - Mo.  Bar 39743
David M. Skeens -Mo.  Bar 35728
2500 City Center Square
1100 Main Street
P.O. Box 26188
Kansas City, MO 64196
(816) 421-6620
(816) 421-4747 (Facsimile)

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was filed electronically with the United States District Court for the Western District of Missouri, Western Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court to all designated persons this **7th day of October 2004,** and a copy mailed by United States mail, first-class postage prepaid, addressed to the following individuals who are not designated to receive ECF notice from the Court:

[none]


_____/s/ Kip D. Richards_____