IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DEANTHONY THOMAS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 04-6098-CV-W-HFS |
| | ) | |
| U.S. BANK N.A. N.D., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiffs contend their mortgage loans were tainted by practices by the lender that violate a Missouri statute in connection with various overcharges and fees. Defendants, assignees of the loan obligations of plaintiffs, removed the case to this court on the theory that federal law preempts certain claims of usurious practices by lenders. The lender in this case was FirstPlus Bank (FPB), a California lending institution, now in bankruptcy, which was subject to California laws governing interest.

The defendant assignees contend they are protected by federal law (Sections 85 and 86 of the National Banking Act – the NBA – 12 U.S.C. §§ 85-86) which allegedly preempts use of Missouri law in these circumstances. An alternative theory of protection would be that FPB, by reason of federal deposit insurance, was also protected by preemption, under the Depository Institutions Deregulation and Monetary Control Act – DIDA – 12 U.S.C. § 1831d. Plaintiffs challenge these theories and seek remand.

As an initial matter, I disagree with defendants regarding preemption by the NBA. They were not originators of the loans, but simply assignees. I have so ruled in similar circumstances, and granted a remand. Defendants are soundly invoking DIDA, however, because FPB was the

originator of the loans, and the section cited above "completely preempts any state law attempting to limit the amount of interest and fees a federally insured-state chartered bank can charge." In re Community Bank of Northern Virginia, 418 F.3d 277, 295 (3rd Cir. 2005).[1]

In this case and in what appears to be a companion case plaintiffs' counsel has argued that there is no preemption because there is no challenge here to the interest charged by FPB. The Eighth Circuit has, however, recently determined that at least some of the claims should be characterized as complaining about excessive interest, broadly construed. Phipps v. FDIC, 417 F.3d 1006 (8th Cir. 2005). That ruling has finality, in that the mandate was issued earlier this month.

When there are some claims of excessive interest, the whole case is removable, 417 F.3d at 1011. I do not find briefing by plaintiffs attempting to distinguish the adverse ruling of the district judge in Phipps, and to assert that if excessive interest was claimed there that is not the situation here. Under the circumstances the motion to remand (doc. 69) must be denied. SO ORDERED.[2]

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

September  30 , 2005

Kansas City, Missouri

---

[1] Whether defendants have standing to assert FPB's preemption rights is not questioned by plaintiffs, and I assume there is standing. Another issue not before me is the possibility that FPB violated California law, which is not the thrust of this litigation.

[2] I will deal with a renewed motion to dismiss on the briefing heretofore filed, but it must be noted that the Phipps case creates a dilemma for plaintiffs in saying that to the extent they may be challenging charges that are not interest they are not entitled to complain under the Missouri statute, and "have failed to state a claim under Missouri law for which relief may be granted." 417 F.3d at 1014.

2